525 A.2d 265

STATE of Maryland

v.

Richard Doyle FINCHAM.

No. 1376, Sept. Term, 1986.

Court of Special Appeals of Maryland.

May 11, 1987.

John S. Bainbridge, Jr., Asst. Atty. Gen., Baltimore (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Frederick M. Paone, Asst. State's Atty. for Anne Arundel County, Annapolis, on the brief, for appellant.

No brief or argument for appellee.

Argued before WILNER, ROSALYN B. BELL and ROBERT M. BELL, JJ.

WILNER, Judge.

Md. Code Ann. art. 27, § 641(a)(1) permits a court, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, to stay the entry of judgment in a criminal case and place the defendant on probation. Subsection (a)(2) of § 641 very clearly provides, however, that:

> "Notwithstanding paragraph (1) of this subsection, a court may not stay the entering of judgment and place a person on probation for a second or subsequent violation of § 21–902(a) or (b) of the Transportation Article if the second or subsequent violation occurred within 5 years of the previous violation. A person is in violation of § 21–902(a) or (b) if that person receives probation under this section."

On or about August 31, 1985, Richard Doyle Fincham was convicted of driving under the influence of alcohol in violation of Transp. art., § 21–902(b). On October 3, 1986, he

appeared before the Circuit Court for Anne Arundel County again charged with driving under the influence of alcohol. He entered a plea of guilty to that offense and to a companion offense of improper lane change, both pleas being amply supported by an undisputed statement of facts recited by the prosecutor.

The Court accepted the pleas and found Fincham guilty. Despite its awareness of Fincham's 1985 conviction, however, and in absolute defiance of § 641(a)(2), the Court stayed the entry of judgment and placed Fincham on probation. In response to the State's protest that its disposition of the charge under § 21–902(b) constituted an "illegal sentence," the Court blithely remarked that "The Court can do anything it wants at any time."

We regret the need to inform the Circuit Court that it may *not* do anything it wants at any time. It is obliged to follow the law, and the law plainly forbids the Court from doing what it did on the charge of driving under the influence of alcohol. As the State has raised no complaint about the disposition of the other charge of "improper lane change," that disposition will stand.

ORDER STAYING ENTRY OF JUDGMENT ON CHARGE OF DRIVING UNDER INFLUENCE OF ALCOHOL VACATED; CASE REMANDED TO CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR ENTRY OF CONVICTION AND RESENTENCING; APPELLEE TO PAY THE COSTS.