540 A.2d 1184

STATE of Maryland

v.

Jeffrey Todd SHILLING.

STATE of Maryland

v.

David Wayne LEWIS.

Nos. 1356, 1357, Sept. Term, 1987.

Court of Special Appeals of Maryland.

May 11, 1988.

Certiorari Granted June 30, 1988.

J. Joseph Curran, Jr., Attorney General of Maryland (Mary Ellen Barbera, Assistant Attorney General, both of Baltimore, MD., Thomas E. Hickman, State's Attorney for Carroll County, W. Samuel Truette and James F. Brewer, Assistant State's Attorneys for Carroll County on the brief) Westminster, for appellant.

Charles M. Preston, Westminster, for appellee, Shilling.

No brief filed or appearance by appellee's counsel for Lewis.

Argued before GILBERT, C.J., and MOYLAN and WENNER, JJ.

GILBERT, Chief Judge.

A judge in the Circuit Court for Carroll County on successive days imposed probation before judgment in different cases on two persons charged with driving while intoxicated, a violation of Md.Transp.Code Ann. § 21–902(a). For each of the two accused, it was the second violation of § 21–902(a) or (b) within a four year time span. Each defendant had submitted under an agreed statement of facts, and each was found guilty of "operating a motor vehicle while intoxicated." Md.Ann.Code art. 27, § 641(a)(2) provides:

> "Notwithstanding paragraph (1) of this subsection, a court *may not* stay the entering of judgment and place a person on probation for *a second or subsequent violation*

*of § 21–902(a) or (b) of the Transportation Article* if the second or subsequent violation occurred within 5 years of the previous violation. A person is in violation of § 21–902(a) or (b) if that person receives probation under this section." (Emphasis supplied.)

The trial court, after observing that the defendants had been previously placed on probation for similar offenses within the time delineated in the statute, nevertheless imposed probation before judgment. At the disposition of David Wayne Lewis, the second of the two offenders, the trial judge commented: "Course you realize, you know, if the State decides to appeal, ... [this] will be reversed." Patently, the State did appeal. We conclude that the judge's prophecy was right, but his judgment was wrong.

### State's Right to Appeal

Before addressing the applicability of art. 27, § 641 to the facts of the case, we shall first surmount the hurdle Jeffrey Todd Shilling, one of the appellees and a beneficiary of the trial judge's largess, has interposed—a motion to dismiss the appeal.

Shilling argues that, because his first offense was for violating Transp. Art. § 21–902(*b*)—driving while under the influence of alcohol—as distinguished from § 21–902(*a*)—driving while intoxicated, he did not commit a second violation of either a *or* b but rather a *and* b. That legal nicety, Shilling contends, precludes the automatic application of the mandatory sentence required by Md.Ann. Code art. 27, § 641(a)(2). There, as we have seen, it is declared that "a court *may not* stay the entering of judgment and place a person on probation for a second or subsequent violation of § 21–902(a) or (b) of the Transportation Article." (Emphasis supplied.) The italicized phrase "may not" has a "mandatory negative effect." Md.Ann. Code art. 2, § 26. Whenever a defendant falls within the ambit of Md.Ann.Code art. 27, § 641(a)(2), the trial court must sentence that defendant, and it is devoid of authority

to enter probation before judgment. The Legislature has "specifically mandated" that probation before judgment is not an option available to the trial judge when Md.Ann.Code art. 27, § 641(a)(2) is applicable.

■ The State avers that in the instant case the trial judge failed to impose *a* sentence, despite the pellucid command of Md.Ann.Code art. 27, § 641(a)(2). Instead the judge ignored the legislative mandate and imposed probation before judgment, irrespective of the fact that the statute proscribed that disposition. The result is that the imposition of probation is a nullity since the court was devoid of authority to impose it. The "sentence" of probation before judgment was illegal, and the State may appeal to this Court pursuant to *State ex rel. Sonner v. Shearin,* 272 Md. 502, 526, 325 A.2d 573 (1974), where it is said:

> "[The State may] appeal from the imposition of an illegal sentence, since the issue of the trial court's jurisdiction is involved in the sense of whether it exceeded the powers vested in it by prescribing a penalty contrary to law. A lower court which thus exceeds its power must be bridled by [an appellate court]. Were it otherwise, mandates of the General Assembly could be defied with impunity and the only protection of the public would be the torturous process of judicial removal which would not have the effect of correcting the specific error."

*See also State v. Thurmond,* 73 Md.App. 686, 536 A.2d 128 (1988).

■ Furthermore, the State may appeal under the authority of Cts. & Jud.Proc. Art. § 12–302(c)(2), which provides: "The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code." That is precisely what the State did in the instant case. As pointed out in *State v. Hannah,* 307 Md. 390, 400, 514 A.2d 16 (1986), Courts Art. § 12–302(c)(2) "was undoubtedly inspired by *Sonner....*" Because the State has alleged that an "illegal sentence" was meted by the trial court, the State is

entitled to appeal under Courts Art. § 12–302. Were this not the case, this Court would be powerless to correct the specific illegal probation dispositions.[1] Shilling's motion to dismiss the appeal must be denied. We turn now to the applicability, *vel non,* of Md.Ann.Code § 641(a)(2) to Shilling and Lewis.

### The Rule in Shilling's Case

■ Jeffrey Todd Shilling was found guilty in 1984 of driving while under the influence of alcohol, a violation of Transp. Art. § 21–902(*b* ). Two years later, in the matter at bar, he was found guilty of driving while intoxicated, Transp. Art. § 21–902(*a* ). Shilling maintains that Md.Ann. Code art. 27, § 641(a)(2) applies only when the two violations of Transp. Art. § 21–902 are for the same exact offense, that is, both violations are under the same subsection. He reasons that since his first violation was for driving while under the influence of alcohol, Transp. Art. § 21–902(*b* ), and his second was for a violation of Transp. Art. § 21–902(*a* ), Md.Ann.Code art. 27, § 641(a)(2) does not apply. We have an entirely different point of view.

Md.Ann.Code art. 27, § 641(a)(2) refers to "a second or subsequent violation of § 21–902(a) *or* (b) of the Transportation Article if the second or subsequent violation occurred within five years of the previous violation." (Emphasis supplied). Through the use of the phrase "second or subsequent violation of ... (a) *or* (b)," it is apparent that the Legislature contemplated four possible combinations of violations:

1. § 21–902(*a* ) + § 21–902(*a* )
2. § 21–902(*a* ) + § 21–902(*b* )
3. § 21–902(*b* ) + § 21–902(*a* )
4. § 21–902(*b* ) + § 21–902(*b* ).

---

1. The State's right to appeal an illegal probation disposition was tacitly allowed in *State v. Fincham,* 71 Md.App. 314, 525 A.2d 265 (1987).

Shilling's violation of Transp. Art. § 21–902(*a*) was *subsequent* to his violation of Transp. Art. § 21–902(*b*). The combination of violations accumulated by him is set out above as the third possibility—§ 21–902(*b*) + § 21–902(*a*). Consequently, Shilling's violations are within the scope of Md.Ann.Code art. 27, § 641(a)(2), and probation before judgment is not a permissible disposition of his second offense.

Shilling also asserts that, even if Md.Ann.Code art. 27, § 641(a)(2) applies to his situation, the State has, nevertheless, failed to notify him, pursuant to Md. Rule 4–245, of its intention to prosecute him as a subsequent offender. Rule 4–245(a) provides: "A subsequent offender is a defendant who, because of a prior conviction, is subject to additional or mandatory statutory punishment for the offense charged." Shilling equates his prior probation before judgment disposition with a Rule 4–245 prior conviction. The fallacy in that argument is that probation before judgment under Md.Ann.Code art. 27, § 641 is not a prior conviction. *Myers v. State*, 303 Md. 639, 647, 496 A.2d 312 (1985). Hence, since there was no prior conviction, notice under Rule 4–245 by the State to Shilling (or Lewis) was unnecessary.

### The Rule in Lewis's Case

The record discloses that David Wayne Lewis was found guilty of driving while intoxicated on December 20, 1981, a violation of Transp. Art. § 21–902(a). In the case *sub judice*, he was adjudged to have committed another violation of § 21–902(a) by driving while intoxicated on May 26, 1986. Both offenses were violations of § 21–902(a) and occurred within five years of each other. On the facts before us, we perceive no relevant distinction between Lewis's situation and *State v. Fincham*, 71 Md.App. 314, 525 A.2d 265 (1987), where we said that a trial judge "is obliged to follow the law, and the law plainly forbids the Court from doing what it did."

We vacate the orders granting probation before judgment and remand the cases to the circuit court for further proceedings consistent with this opinion and the applicable statutes.

MOTION TO DISMISS THE APPEAL IN CASE NO. 1356 DENIED.

ORDERS STAYING ENTRY OF JUDGMENT IN BOTH CASES VACATED; CASES REMANDED TO CIRCUIT COURT FOR CARROLL COUNTY FOR ENTRY OF CONVICTION AND IMPOSITION OF SENTENCE.

APPELLEE SHILLING TO PAY COSTS IN APPEAL NO. 1356; APPELLEE LEWIS TO PAY COSTS IN APPEAL NO. 1357.

MANDATE TO ISSUE FORTHWITH.