556 A.2d 225

Robert TELAK

v.

STATE of Maryland.

No. 56, Sept. Term, 1987.

Court of Appeals of Maryland.

April 7, 1989.

Kevin B. Kamenetz (Moore, Libowitz & Thomas, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

Maryland Code (1974, 1984 Repl.Vol.), § 12-401(a) of the Courts and Judicial Proceedings Article, authorizes an appeal by the State from the final judgment in a District Court criminal case "if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code." Section 12-401(c)(1) provides that an appeal from a District Court judgment "shall be taken ... within 30 days from the date of the final judgment from which appealed." The issue before us in the present case concerns the timeliness of the State's appeal in a District Court criminal case.

On April 21, 1986, Robert F. Telak was arrested in Baltimore County on charges of driving while intoxicated and negligent driving. On July 24, 1986, after trial and after a verdict of guilty was entered on both charges, the District Court of Maryland, pursuant to Code (1957, 1987 Repl.Vol.), Art. 27, § 641, struck the guilty verdicts and imposed probation before judgment, two years supervised probation, a fine, and a requirement of alcohol related treatment. Neither side filed a notice of appeal during the thirty-day period following the District Court's July 24th order.

On August 15, 1986, the State filed in the District Court a "Motion to Correct an Illegal Sentence." The State argued in its motion that the court could not impose probation before judgment because Art. 27, § 641(a)(2), prohibited placing a person on probation for a second or subsequent violation of driving while intoxicated or driving under the influence of alcohol. Telak had previously been given probation for driving under the influence. The District Court denied the State's motion on September 18, 1986.

On September 30, 1986, twelve days after its motion had been denied, but 68 days after the District Court's July 24th order, the State filed a notice of appeal to the Circuit Court

for Baltimore County. Telak moved in the circuit court to dismiss the appeal on the ground that it was not filed within 30 days of final judgment as required by § 12–401(c)(1) of the Courts and Judicial Proceedings Article.

After hearing oral argument, the circuit court denied Telak's motion to dismiss the appeal. Later, the circuit court issued a "mandate" which recited that the "State's Motion to Correct Illegal Sentence be granted" and that the "Cause Is Remanded" to the District Court. The defendant Telak then filed in this Court a petition for a writ of certiorari, challenging the timeliness of the State's appeal. We granted the petition, and we shall reverse on the ground that the State's appeal was untimely.[1]

The State insists that its notice of appeal in this case was timely even though the notice was filed more than thirty days from the order of the District Court disposing of the case. Before addressing the State's theory as to why its appeal was timely, it would be useful to review some background concerning the provision in § 12–401(a) of the

---

1. In its opposition to the certiorari petition, the State suggested that the circuit court judgment was not final and would not become final for purposes of certiorari review until after the remand to the District Court and the imposition of a new sentence by a District Court judge. The State's position is incorrect. The circuit court's order, by remanding the cause to the District Court, completely terminated the proceedings in the circuit court. It was, therefore, final. *See, e.g., Carroll v. Housing Opportunities Comm'n,* 306 Md. 515, 520, 510 A.2d 540 (1986); *Eastern Stainless Steel v. Nicholson,* 306 Md. 492, 501–502, 510 A.2d 248 (1986); *Brown v. Baer,* 291 Md. 377, 385–386, 435 A.2d 96 (1981); *Schultz v. Pritts,* 291 Md. 1, 6, 432 A.2d 1319, 1322–1323 (1981), and cases there cited.

Apart from the finality of the circuit court's judgment and the timeliness of the State's appeal, neither side has raised any issue concerning the propriety of the procedure in the circuit court, including the nature of the circuit court's judgment. In this connection, *see McDonald v. State,* 314 Md. 271, 274–278, 550 A.2d 696 (1988); *Eastern Publishing v. Jender Printing,* 312 Md. 715, 542 A.2d 380 (1988); *Harper v. State,* 312 Md. 396, 540 A.2d 124 (1988). Moreover, the defendant has not argued that the District Court's judgment was not appealable by the State under § 12–401(a) of the Courts and Judicial Proceedings Article. In light of the parties' arguments, as well as our holding that the State's appeal was untimely, we shall express no opinion about these matters.

Courts and Judicial Proceedings Article authorizing an appeal by the State in a criminal case if the trial court allegedly "failed to impose the sentence specifically mandated by the Code."

Prior to the enactment of the Courts and Judicial Proceedings Article of the Code, which generally became effective on January 1, 1974, the State had no right to appeal in a District Court criminal case; it had a somewhat limited right to appeal in a circuit court criminal case. Thus, Code (1957, 1973 Repl.Vol.), Art. 26, §§ 156(c) and (d), provided that "[i]n a civil case, *any party* aggrieved by the judgment of the District Court may take an appeal" but that "[i]n a criminal or traffic case, *the defendant* may take an appeal from the judgment of the District Court" (emphasis added). With regard to circuit court criminal cases, however, Code (1957, 1968 Repl.Vol.), Art. 5, § 14, stated:

"The State may appeal to the Court of Special Appeals from a final order or judgment granting a motion to dismiss, or quashing or dismissing any indictment, information, presentment or inquisition in a criminal action, but the State shall have no right of appeal in any criminal action where the defendant has been tried and acquitted."

The provisions of Art. 5, § 14, were construed by the Court in *State ex rel. Sonner v. Shearin,* 272 Md. 502, 520–526, 325 A.2d 573 (1974). In that circuit court case, the trial judge suspended three years of a five year prison sentence for use of a handgun in commission of a felony, even though the statute mandated a minimum sentence of five years imprisonment. The State, believing that it had no right to a direct appeal, did not file a notice of appeal within 30 days of the judgment in the criminal case. Nevertheless, the State did, within 30 days of the judgment, file in this Court a petition for a writ of mandamus, writ of certiorari, "or other appropriate relief." This Court passed an order directing that the State's petition be held in abeyance pending application by the State to the circuit judge for an order nullifying the suspension of three years of the sentence. The State then filed such a motion with the

circuit court. When the motion was denied by the sentencing judge, the State took an appeal to the Court of Special Appeals. The notice of appeal was filed within 30 days of the denial of the motion but more than 30 days from the judgment in the criminal case. This Court granted the State's petition for a writ of certiorari prior to any proceedings in the Court of Special Appeals. We held that the appeal by the State would be allowed and that it was timely. On the merits, we remanded the case to the circuit court for the imposition of a proper sentence.

We noted in the *Sonner* opinion that, as the case had been commenced prior to January 1, 1974, the applicable statute was Art. 5, § 14, rather than § 12–302(c) of the Courts and Judicial Proceedings Article. 272 Md. at 526 n. 6, 325 A.2d at 586 n. 6. After reviewing Art. 5, § 14, and several predecessor statutes and earlier cases, we held in *Sonner* that Art. 5, § 14, did not limit the State's right of appeal in criminal cases to the situation where the circuit court dismissed the charging document. We stated that the statutory language permitted "an appeal from the imposition of an illegal sentence, since the issue of the trial court's jurisdiction is involved in the sense of whether it exceeded the powers vested in it by prescribing a penalty contrary to law." 272 Md. at 526, 325 A.2d at 586. To the same effect as *Sonner, see State v. Wooten,* 277 Md. 114, 115–116, 352 A.2d 829 (1976).

As previously indicated, appeals in criminal cases which commenced on or after January 1, 1974, were governed by the new Courts and Judicial Proceedings Article of the Code. That Article, as initially enacted, made no change concerning the right of appeal in District Court criminal cases; under § 12–401(a), the State had no right to appeal in a District Court criminal case. With regard to circuit court criminal cases, however, § 12–302(c) of the Courts and Judicial Proceedings Article, as originally enacted, did depart from former Art. 5, § 14. Section 12–302(c) provided: "In a criminal case, the state may appeal *only* from a final judgment granting a motion to dismiss or quashing or

dismissing any indictment, information, presentment, or inquisition in a criminal case." (Emphasis added). As Judge Rodowsky recently stated for the Court in *State v. Hannah*, 307 Md. 390, 399, 514 A.2d 16 (1986), "[t]he Revisor's Note to § 12–302(c) in Code (1974) explained that the ... language from former § 14 had been omitted 'since the state may only appeal in the limited situations set forth in the section in any event.'" Judge Rodowsky went on to point out that § "12–302(c), as enacted, placed in serious question, if it did not completely eliminate, the State's right to appeal an illegal sentence as recognized in the earlier cases and reiterated in *Sonner.*" *Ibid.*

The restriction imposed by the 1974 Courts and Judicial Proceedings Article, upon the State's right to appeal in circuit court criminal cases, was addressed by Ch. 49 of the Acts of 1976. Also that statute, for the first time, gave the State a right to appeal in District Court criminal cases. Ch. 49 added § 12–302(c)(2) to the Courts and Judicial Proceedings Article, which authorized the State to appeal from a final judgment in a circuit court criminal case if the trial judge allegedly failed to impose the sentence specifically mandated by the Code. Ch. 49 of the Acts of 1976 also added the language to § 12–401(a) which is at issue in the present case, and which authorizes the State to appeal from a final judgment in a District Court criminal case in the same situation.[2]

---

2. Section 12–401 states in pertinent part as follows:
   "*Subtitle 4.  Review of Decisions of District Court.*
   "§ 12–401.  Right of appeal generally.
   "(a) *Civil and criminal cases.*—A party in a civil case or the defendant in a criminal case may appeal from a final judgment entered in the District Court. In a criminal case, the State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.
   *            *            *            *            *            *
   "(c) *Time for appeal.*—(1) Except as provided in paragraph (2), an appeal shall be taken by filing an order for appeal with the clerk of

Turning to the present case, the State's theory is that the enactment of Ch. 49 of the Acts of 1976 placed the State in the same position that it had under the *Sonner* decision, with respect to both the right of appeal and the procedure for taking an appeal. According to the State, as long as its notice of appeal is filed within 30 days of the denial of the motion to correct an allegedly illegal sentence (which was the situation in *Sonner* and in the present case), the State's appeal is timely even though the notice of appeal is filed more than 30 days from the order disposing of the criminal case (which also was the situation in *Sonner* and in the present case). The State asserts: "The State enjoys the same right to appeal an illegal sentence that it had under the controlling law in *Sonner*" (respondent's brief, pp. 12–13).

It is true, as we pointed out in *State v. Hannah, supra,* 307 Md. at 400, 514 A.2d at 21, that Ch. 49 of the Acts of 1976 was intended to put the State in the same position which it had enjoyed prior to January 1, 1974, with respect to its substantive right to take an appeal in a circuit court criminal case such as *Sonner.* Nevertheless, it is obvious that Ch. 49 did not simply codify the *Sonner* opinion, nor did it make the entire substantive and procedural law in this area exactly the same as it had been immediately prior to January 1, 1974. If it had done that, the State would have no right to appeal in a District Court criminal case like the present one, as Art. 5, § 14, and the principles set forth in *Sonner* were clearly limited to circuit court criminal cases. Moreover, the language of the *Sonner* and earlier opinions would authorize the State to appeal where there was an "illegal" sentence. Ch. 49, however, specifies the type of illegality which must be alleged for the State to be entitled to appeal.

Ch. 49 of the Acts of 1976 also did not embody the procedure which was deemed permissible in *Sonner.* Al-

the District Court within 30 days from the date of the final judgment from which appealed."

though *Sonner* had taken the position that the State's right to appeal stemmed from Art. 5, § 14, and predecessor statutes, the *Sonner* opinion also indicated that the appealable judgment was the order denying the motion to correct the sentence, and that the thirty-day period for filing a notice of appeal ran from that order.[3] Under the language added to the Courts and Judicial Proceedings Article by Ch. 49 of the Acts of 1976, however, the appeal clearly is to be taken from the trial court's order, after the verdict, which imposes a sanction in the criminal case, and which, in the case at bar, was the order of July 24, 1986.

The language and the framework of Ch. 49 of the Acts of 1976 demonstrate that the appealable order is the order which imposes a sanction upon the defendant and which ordinarily represents a disposition of the criminal case. The language added to §§ 12–302(c) and 12–401(a) of the Courts and Judicial Proceedings Article by Ch. 49 provides that "[i]n a criminal case, the State may appeal *from a final judgment*" (emphasis added) if the court allegedly failed to impose the sentence mandated by the Code. The final judgment in a criminal case consists of the verdict and, except where there is an acquittal, the sanction imposed, which is normally a fine or sentence of imprisonment or both. *See, e.g., Christian v. State,* 309 Md. 114, 119, 522 A.2d 945 (1987); *Jones v. State,* 298 Md. 634, 637, 471 A.2d 1055, 1057 (1984); *Sigma Repro. Health Cen. v. State,* 297 Md. 660, 665, 467 A.2d 483, 485 (1983); *Lewis v. State,* 289 Md. 1, 4, 421 A.2d 974 (1980); *Langworthy v. State,* 284

---

**3.** The Court in *Sonner* thus said (272 Md. at 520–521, 325 A.2d at 583):
"Schools urges that the appeal in this case was not timely taken since he was sentenced on March 20, 1974, and the appeal was not filed until June 27, more than 30 days later. However, the denial by Judge Shearin of the State's request for correction of the sentence took place on June 4. The State's appeal is from that order. Under Rule 764a an illegal sentence may be corrected at any time. The same was true under its predecessor rule. ... [citations omitted]. Therefore, if the State has a right of appeal, the appeal was seasonably filed."

Md. 588, 596, 399 A.2d 578 (1979). An order denying a later motion to correct an illegal sentence is not the final judgment in the criminal case. As recently explained in *Valentine v. State,* 305 Md. 108, 120, 501 A.2d 847 (1985), "[t]he motion [to correct an illegal sentence] is in the nature of a collateral attack. An appeal from its denial is not a direct appeal from the original sentence."[4]

It is also significant that, in Ch. 49 of the Acts of 1976, the General Assembly legislated with respect to direct appeals from judgments in criminal cases. The new language was placed in those sections of the Code dealing with direct appeals from final judgments disposing of cases. The General Assembly did not legislate with reference to collateral challenges or motions to correct illegal sentences or what is now Maryland Rule 4–345(a). The Legislature did not authorize an appeal from the denial of a motion to correct an illegal sentence; it authorized an appeal from the final judgment in the criminal case.

Finally, our recent decision in *State v. Hannah, supra,* 307 Md. at 401–402, 514 A.2d at 21–22, underscores that, in a case like the present one, the State's appeal is from the order in the criminal case imposing probation before judgment. In *Hannah,* with regard to a count charging the use of a handgun in the commission of a felony, the circuit court placed the defendant on five years probation before judgment. Unlike its inaction in the present case, the State in *Hannah* filed a notice of appeal within 30 days of the

---

**4.** The *Valentine* opinion took the position that a criminal defendant could directly appeal an illegal sentence only when the appeal was taken within 30 days from the judgment in the criminal case, and that he could not appeal from a later denial of a motion to correct an illegal sentence. The Court in *Valentine* indicated that this is the same right accorded the State under the language of Ch. 49 of the Acts of 1976, saying (305 Md. at 120, 501 A.2d at 853):

"They [criminal defendants] have a right of direct appeal when an illegal sentence is imposed at the time of original sentencing, the same right accorded to the State by ... Code (1974, 1984 Repl.Vol.) § 12–302(c)(2), Courts and Judicial Proceedings Article."

circuit court's order placing the defendant on probation. The State claimed that the circuit court failed to impose the sentence mandated by the Code for the handgun offense. The defendant argued that the State had no right to appeal because the probation before judgment order was not a final appealable judgment. In rejecting the defendant's argument, this Court held that an order placing a defendant on probation before judgment under Art. 27, § 641, was a final judgment in the criminal case for purposes of appeal.[5] More important for the present case, however, is that the *Hannah* opinion stated that

"the probation disposition ... satisfies the finality requirement and may be appealed by the State if a statute confers a right of appeal on the State from a final judgment. Here, where the State alleges that the probation disposition violates a mandatory sentencing law, § 12-302(c)(2) of the Courts Article confers a right of appeal on the State from the final judgment under Art. 27, § 641." 307 Md. at 401–402, 514 A.2d at 21–22.

The *Hannah* opinion thus made it clear that, for purposes of the State's appeal, the appealable judgment is the probation order. Because the State in the present case failed to appeal within 30 days from the order placing the defendant on probation, the motion to dismiss the appeal should have been granted by the circuit court.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. BALTIMORE COUNTY TO PAY COSTS.

---

5. In so holding this Court made it clear that *Warren v. State*, 281 Md. 179, 377 A.2d 1169 (1977), adopting a contrary position, was no longer the law.