674 A.2d 936

**STATE of Maryland**

v.

**John Paul PURCELL.**

**No. 74, Sept. Term, 1995.**

Court of Appeals of Maryland.

April 16, 1996.

Celia Anderson Davis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief) Baltimore, for Appellant.

Michael T. Nalls (Nalls & Nalls, P.C., on brief) Bethesda, for Appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

MURPHY, Chief Judge.

This case requires us to interpret Md.Code (1957, 1992 Repl., 1995 Supp.) Article 27, § 641(a)(2) to determine the circumstances under which a defendant may receive probation before judgment for driving while intoxicated or under the influence of alcohol or a drug. We hold that if a defendant is found guilty of such an offense within five years of being convicted of, or given probation before judgment for, another drunk or drugged driving offense, the defendant is ineligible for probation before judgment.

## I

### A

Article 27, § 641 enumerates the circumstances under which a defendant may be given probation before judgment (PBJ). Under § 641(a)(1)(i), a court is generally able to grant a PBJ whenever it is "satisfied that the best interests of the person and the welfare of the people of the State would be served thereby." This broad grant of authority, however, is limited by § 641(a)(2), which seeks to prevent courts from granting a second PBJ to a defendant who has been convicted of driving while intoxicated or under the influence twice within five years; that subsection reads:

> Notwithstanding paragraph (1) of this subsection, a court may not stay the entering of judgment and place a person on probation for a violation of any provision of § 21–902 of the Transportation Article if the person has been convicted under, or has been placed on probation under this section after being charged with a violation of, § 21–902 of the Transportation Article within the preceding 5 years.

In this case, we must determine what events trigger § 641(a)(2)'s five-year prohibition when a defendant has been found guilty of a second violation of § 21–902. Specifically, we must determine whether the relevant time period for determining whether a defendant may receive a second PBJ de-

pends upon the dates of the two offenses, or the dates of the two adjudications, or some other combination of dates.

### B

John Paul Purcell was arrested on May 19, 1994 after he failed to adequately perform several field sobriety tests during a routine traffic stop. A breathalyzer test given subsequent to his arrest showed that his blood-alcohol concentration was 0.07. On November 28, 1994, Purcell pled guilty in the Circuit Court for Montgomery County to driving under the influence of alcohol in violation of § 21–902(b) of the Transportation Article.

At the November 28 hearing, after the circuit court (McKenna, J.) accepted Purcell's guilty plea, his attorney offered a record from the Department of Motor Vehicles demonstrating that Purcell previously received a PBJ on March 14, 1990 for a drunk driving offense that occurred on November 2, 1989. With reference to the prior offense and the breathalyzer reading from that offense, Purcell's attorney stated that Purcell "does admit that that was a 21–902(a) reading" and that "[h]e was convicted of driving intoxicated but given a PBJ."

It was then argued, on Purcell's behalf, that more than five years had passed between the date of the first offense, November 2, 1989, and November 28, 1994, when Purcell pled guilty to his second offense. The prosecutor responded to this argument by stating that "I don't think he is eligible for a probation before judgment, and even if he was, I think the state would object." At this point, the parties and the court engaged in an extended debate as to the relevant dates to use in determining whether § 641(a)(2) prohibited the court from giving Purcell a second PBJ. Purcell originally maintained that the court should measure the period from the date of the first offense, November 2, 1989, to the date of adjudication of the second offense, November 28, 1994. In contrast, the State maintained that the relevant period should be that between the two offenses, which was November 2, 1989 to May 19, 1994.

The court concluded that the relevant period should be measured by the dates of conviction or grant of probation. According to this interpretation, the five-year period began on March 14, 1990, the date on which Purcell's earlier PBJ was granted. Accordingly, the court determined that Purcell would not be eligible for a second PBJ until after March 14, 1995. In response to the circuit court's suggestion that Purcell withdraw his guilty plea and attempt to get the prosecutor to agree to a stay until March 15, 1995 or later, Purcell's attorney stated that "in fairness to Mr. Feeney [the prosecutor], we were prepared to plead today," that "I have talked to Mr. Purcell, and he acknowledges that he pled guilty knowingly," and that Purcell "knew this issue would come up."

The court decided to defer sentencing until after March 15, 1995. In making this decision, it noted that "if it turns on the question of the entering of the judgment, it is absolutely clear to me that I should have done that today, that I can't put that off." The court said that it had accepted the guilty plea and only the sentencing was to be deferred until more than five years had elapsed since the adjudication of Purcell's previous drunk driving offense.

Purcell's sentencing hearing was held on May 10, 1995. At that hearing, the court restated its conclusion that the relevant dates were the two disposition dates, and determined that the disposition date for Purcell's second offense was the date of sentencing, May 10, 1995, instead of the date on which Purcell pled guilty. The court reasoned that the legislature intended to vest discretion in judges to postpone the adjudication of a case in order to bring it outside of the five year period and thus make the defendant eligible to receive a second PBJ. After the prosecutor noted an objection, the court granted probation before judgment.

The state appealed to the Court of Special Appeals, asking it to hold that § 641(a)(2) bars Purcell from receiving a PBJ for his second offense. We granted certiorari before the intermediate appellate court considered the appeal.

The state argues that § 641(a)(2) forbids the granting of a second PBJ when the two violations or offenses occur within a five year period.[1] Under this interpretation, Purcell is not eligible to receive a PBJ for his May 19, 1994 offense because he already received a PBJ for his November 2, 1989 offense. In contrast, Purcell contends that the circuit court properly looked to the dates on which he was granted the two PBJs to determine whether the five-year period had elapsed. If Purcell's contention is correct, the circuit court had discretion to grant a second PBJ on May 10, 1995 because Purcell received his first PBJ on March 14, 1990.

## II

### A

Before we address the merits of this case, we must consider Purcell's contention that the state's appeal in this case is not allowed by law on three grounds. First, he argues that the state failed to properly object to the court's grant of probation before judgment. Second, he argues that the state has no right to bring an appeal of the court's disposition in this case. Finally, Purcell claims that the state's failure to provide notice under Maryland Rule 4–245(c) should preclude such an appeal. We find no merit to these contentions.

The record belies Purcell's contention that the state failed to properly object to the court's interpretation of § 641(a)(2). As the facts recited above demonstrate, the state argued that Purcell was not eligible for a PBJ both on November 28, 1994 and on May 10, 1995. The state's disagreement with the court's interpretation of § 641(a)(2) was made upon the record at the May 10 hearing, when the court asked the prosecutor

---

1. At various points in its argument, the state maintained that the date of the offense should control. At others, it argued that the date on which the defendant is *charged* should control. At oral argument, the state represented that either of these dates would be equally acceptable to the state, and that typically the defendant is charged with a drunk driving offense on the same date that the offense occurred.

whether he intended to appeal the court's ruling. The state's objection was adequate to support this appeal.

■ Purcell's claim that the state has no right to appeal the court's disposition is similarly meritless. Maryland Code (1973, 1995 Repl.) § 12–302(c) of the Courts and Judicial Proceedings Article provides several circumstances in which the state may appeal in a criminal case. Section 12–302(c)(2) provides that "[t]he State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code." Here, the state argues that the court granted Purcell probation before judgment in violation of § 641(a)(2). This issue is appealable under § 12–302(c).

In *Shilling v. State*, 320 Md. 288, 577 A.2d 83 (1990), we specifically held that a disposition contrary to the provisions of § 641(a)(2) may be appealed under § 12–302(c)(2) of the Courts Article. We said that "the legislature mandated that the court enter on the record the finding of guilt and intended that some sentence, however minimal, be imposed upon the defendant if the subsequent violation occurred within five years of the previous violation." *Id.* at 293, 577 A.2d 83. "For our purposes, a sentence is specifically mandated when the legislature prohibits probation before judgment or suspension of the imposition of sentence." *Id.* at 294, 577 A.2d 83.

■ Finally, Purcell contends that the state failed to provide him with the notice required by Maryland Rule 4–245(c).[2] That rule provides:

---

2. In his brief, Purcell uses the state's failure to provide notice as an "indication that the State did not find a more severe sentence specifically mandated by the code." In other words, Purcell claims that because the state failed to comply with the notice requirement in Rule 4–245(c), the state must not believe its own argument that § 641(a)(2) imposes a specifically mandated sentence. This argument fails because the state's subjective belief as to the meaning of § 641(a)(2) is wholly irrelevant. The only issue before us is whether that section does in fact impose a mandatory sentence. To ensure that we have not misunderstood Purcell's argument, however, we will address whether Purcell

> When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court.... If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement.

In *Shilling*, we held that, absent waiver, the state must provide notice under Rule 4–245(c) when it relies on § 641(a)(2). *Shilling*, 320 Md. at 296–97, 577 A.2d 83. In this case, however, Purcell has clearly waived his right to notice under Rule 4–245(c).

Purcell did not raise the issue of notice in the court below. Not only did he fail to argue that he should have been given notice under Rule 4–245, but Purcell himself raised the issue of whether he was eligible for a second PBJ under § 641. It was Purcell, not the state, who introduced evidence proving that his prior conviction occurred on March 14, 1990. In addition, when the court gave Purcell the opportunity to rescind his guilty plea and to postpone the proceedings, his attorney rejected that opportunity, stating that Purcell had come to court prepared to argue whether § 641(a)(2) should be applied.[3]

---

properly received notice or whether Purcell has waived the notice requirement.

**3.** The record shows that Purcell refused to withdraw his guilty plea and represented to the court that he was prepared on the issue of § 641(a)(2)'s applicability in order to protect the plea bargain he had reached with the State. The court suggested that he withdraw his plea in order to postpone the proceedings:

THE COURT: I am prepared to ... let you, if you wish, withdraw your plea and see what you can do to prevail upon Mr. Feeney [the prosecutor] and see if you can convince him [to postpone the proceedings until after March 15, 1995] because if you were to do that, then you have a shot at putting it over until March, but I think that the statute ... is perfectly clear in my view, and that is that I cannot stay the entry of judgment.

The only way to solve this would be for you to say [that] we want to go back to square one and start all over again.

On these facts, Purcell has clearly waived his right to notice under Rule 4–245. In *Shilling,* 320 Md. at 297, 577 A.2d 83, we stated that

> [t]he purpose of requiring reasonable notice of the State's intention to seek enhanced punishment is to provide the defendant with an opportunity to be heard where the State alleges a prior conviction or violation of a statute. . . . [T]he underlying purpose of giving a defendant notice is to inform the defendant fully of the State's case against him in order that he may intelligently conduct his defense.

Purcell, through his attorney, admitted that he was prepared to intelligently conduct his defense, provided the proof of his prior conviction, and refused the opportunity to withdraw his guilty plea and postpone the proceedings.

### B

■ To interpret the meaning of § 641(a)(2), we look to the language of the statute and its legislative history. "There is no doubt that the beginning point of statutory construction is the language of the statute itself." *Morris v. Prince George's County,* 319 Md. 597, 603, 573 A.2d 1346 (1990). "But our endeavor is always to seek out the legislative purpose, the general aim or policy, the ends to be accomplished, the evils to be redressed by a particular enactment. . . . [W]e are always free to look at the context within which statutory language appears." *Id.* at 603–04, 573 A.2d 1346. In this case, the language of § 641(a)(2) and its legislative history both preclude us from using the dates of Purcell's two offenses to determine whether he is eligible for a PBJ. We conclude that the relevant dates are the date on which Purcell received his first PBJ and the date on which he pled guilty to the second offense.

There are three different dates that a court must consider in order to apply § 641(a)(2). The first date is the date of the

Purcell's attorney rejected this suggestion, stating that Purcell "knew this issue would come up" and that "we don't want to withdraw the plea because Mr. Feeney and I had an agreement."

initial event that causes § 641(a)(2)'s five-year period to begin. The second date occurs exactly five years after this initial event, and it is the date after which § 641(a)(2) no longer applies. We need not discuss this second date separately, since it is determined by the date on which the initial event occurred. The third date is the date of the "later event," the date which a court must use to determine whether a defendant is eligible for a PBJ. If this later event is less than five years after the initial event, the defendant cannot receive a PBJ for the second offense.

(i) *The initial event.* The circuit court correctly concluded that the five-year prohibition on PBJ's in § 641(a)(2) begins to run at the time the defendant is granted a PBJ or convicted for a drunk or drugged driving offense. The relevant part of § 641(a)(2) asks whether the defendant "has been *convicted* under, or has been *placed on probation* after being charged with a violation of," the drunk driving laws within five years. (Emphasis added). The language of the statute clearly refers to the date of conviction or the date of being placed on probation, not the date of the offense or of charging.

The state's position that the five-year period should begin on the date that the defendant is *charged* with the offense can only be derived by mangling the statute's punctuation. In its brief, the state argues that the relevant time during which a PBJ cannot be granted is " 'after being charged with a violation of[ ] § 21–902 of the Transportation Article within the preceding 5 years.' " (brackets provided by state). The brackets in the state's quotation of § 641(a)(2), however, remove the comma ending the clause "or has been placed on probation after being charged with a violation of." This comma cannot be removed without altering the meaning of the statute.

We find that the commas used in § 641(a)(2) are used to separate two distinct events triggering the five-year prohibition on subsequent PBJs. First, a defendant cannot get a PBJ if he has been "convicted under ... § 21–902 of the Transportation Article within the preceding 5 years." A

defendant also cannot receive a PBJ "if the person has been ... placed on probation under this section after being charged with a violation of[ ] § 21–902 of the Transportation Article within the preceding 5 years." For the first of these options, the date of conviction is clearly the date upon which the five-year bar on subsequent PBJs begins to run.

The parallel construction of § 641(a)(2) demonstrates that the date upon which the defendant receives a PBJ also triggers the five-year time bar, not the date of the violation itself. The phrase "after being charged with a violation of" does not refer to the event upon which the five-year time-bar begins to run, but provides a limitation upon the types of previous crimes to which § 641(a)(2) applies. In other words, while § 641(a)(1) gives courts the discretion to award PBJs for many different crimes, § 641(a)(2) only limits the judge's authority to grant a PBJ when the defendant's previous PBJ followed a charge of drunk or drugged driving. For example, even though a defendant may have received a PBJ for shoplifting within the past five years, he would be eligible to receive a PBJ for drunk or drugged driving because § 641(a)(2) only applies when the previous PBJ was granted after the defendant was "charged with a violation of" § 21–902 of the Transportation Article.

We conclude, therefore, that the word "charged" in § 641(a)(2) does not refer to the date on which the five-year prohibition begins, but limits those cases triggering the five-year prohibition on PBJ's to cases where the defendant was charged with drunk or drugged driving. We cannot ignore the punctuation provided by the legislature, and accordingly hold that the five-year period begins to run on the date where the defendant is convicted or receives probation before judgment.

Our examination of the legislative history behind the 1991 amendment of § 641(a)(2) reinforces our conclusion. Section 641(a)(2) was amended in 1991 to legislatively "overrule" the Court of Special Appeals' decision in *State v. McGrath,* 77

Md.App. 310, 550 A.2d 402 (1988).[4]  Prior to its amendment, § 641(a)(2) provided that

> a court may not stay the entering of judgment and place a person on probation for a second or subsequent violation of § 21–902(a) or (b) of the Transportation Article if the second or subsequent violation occurred within 5 years of the pervious violation.  A person is in violation of § 21–902(a) or (b) if that person receives probation under this section.

*Id.* at 313, 550 A.2d 402.  In *McGrath,* the Court of Special Appeals concluded that "the word 'violation,' as used in § 641(a)(2), refers to the commission of the act proscribed by Transp. art., § 21–902(a) or (b) and not to the subsequent adjudication that such act was committed." *Id.* at 315, 550 A.2d 402.  As a result, that court "look[ed] to the transgression itself and when it was committed and not to the order of adjudication" in order to determine whether § 641(a)(2) would bar a defendant from receiving a PBJ. *Id.*  As a result of this conclusion it was possible for a defendant to receive two PBJ's if the second offense was adjudicated before the first one.[5]

During the 1991 session of the General Assembly, Senate Bill 199 was introduced to put § 641(a)(2) into its current form.  Senate Bill 199 was explicitly designed to "overrule" the *McGrath* decision in two ways.  First, § 641(a)(2) was to apply the five-year prohibition on additional PBJs regardless of the order in which different offenses were adjudicated.  In

---

**4.** *See* Senate Judicial Proceedings Committee, Bill Analysis for Senate Bill 199, at 2 (1991) (stating that "[t]he purpose of this bill is to overrule the court's decision in *McGrath* ").

**5.** As an illustration, assume that a defendant was arrested on two separate occasions for driving while intoxicated, that the defendant had never received a PBJ for any other relevant offense, and that the second charge was brought to trial first.  At the first trial (on the second charge), the defendant would be eligible for a PBJ because he had never received one before and § 641(a)(2) would not apply.  At the second trial (on the first charge), the defendant would once again be eligible for a PBJ because there was no offense prior to his first offense, and § 641(a)(2) once again would not apply. *See McGrath,* 77 Md.App. at 320, 550 A.2d 402.

the Floor Report for Senate Bill 199, the bill summary states that

[t]his bill prohibits a court from granting probation before judgment to a person who is found guilty of a drunk or drugged driving offense within 5 years of being convicted of or receiving probation before judgment for a separate drunk or drugged driving offense regardless of which of the two offenses occurred first in time.

Senate Judicial Proceedings Committee, Floor Report on Senate Bill 199, at 1 (1991). Second, the relevant date from which the five-year period would be measured was to be the date of adjudication, not the date of the violation:

The purpose of this bill is to overrule the court's decision in *State v. McGrath,* 77 Md.App. 310 [550 A.2d 402] (1988), *cert. granted,* 315 Md. 555 [555 A.2d 508] (1989), and to establish that the 5 year period specified in § 641(a)(2) must be measured from the date that a defendant has been convicted of or granted probation before judgment for an offense and not from the date that the offense was committed.

Senate Judicial Proceedings Committee, Floor Report on Senate Bill 199, at 1 (1991).[6] The plain language of the statute and the legislative history clearly mandate that the five-year prohibition on PBJ's in § 641(a)(2) begins on the date that the defendant is convicted of or given a PBJ for a drunk or drugged driving offense. In this case, Purcell was ineligible to receive probation before judgment for five years after March 14, 1990.

---

6. The Bill Analysis for Senate Bill 199 contains almost identical language:

The purpose of this bill is to overrule the court's decision in *McGrath* and to establish that the 5 year period specified in § 641(a)(2) must be measured from the date that a defendant has been convicted of or granted probation before judgment for an offense and not from the date that the offense was committed.

Senate Judicial Proceedings Committee, Bill Analysis for Senate Bill 199, at 2 (1991).

(ii) *The "later event."* Section 641(a)(2) does not directly refer to the date which the court must compare to the initial date on which § 641(a)(2)'s five-year prohibition begins. If this later event falls within the five-year period, the defendant is ineligible for probation before judgment. Under alternative interpretations of § 641(a)(2), this later event might be the date of the second violation, the date on which the defendant was found guilty of the violation, or the date on which the defendant is sentenced for the violation. We hold that a trial court should use the date on which the defendant's guilt is determined. In other words, if a defendant is found to be guilty of a drunk or drugged driving offense within five years of being convicted of, or given probation before judgment for, a previous drunk or drugged driving offense, § 641(a)(2) precludes the court from giving the defendant a PBJ regardless of the date on which the court sentences the defendant.

If the date of the offense were used as this later event, we would encounter construction problems similar to those encountered by the Court of Special Appeals in *McGrath.* For example, if both offenses occurred prior to the adjudication of the first offense, the defendant would be eligible for two PBJs, since no offenses occurred after the first PBJ had been granted. Such a construction of § 641(a)(2), therefore, would introduce loopholes into § 641(a)(2) almost identical to the loophole that the legislature sought to close in 1991 and would clearly be contrary to the legislature's intent in amending § 641(a)(2).

To determine whether this later event occurs when the defendant's guilt is adjudicated or only when the sentence is imposed, we must look to the purpose that § 641(a)(2) serves. Plainly, that section was intended to limit a judge's discretion to impose probation before judgment in cases involving drunk or drugged driving. The 1991 amendment of § 641(a)(2) was intended to further limit judicial discretion by closing the loophole found in *McGrath.* We believe that the legislature had no intention of giving courts the ability to postpone sentencing until the five-year period had passed, thereby avoiding § 641(a)(2)'s prohibition and gaining the discretion to

award probation before judgment for a second offense. For this reason, only the date on which the defendant is found to be guilty of the later offense is consistent with the legislative purpose behind § 641(a)(2).

By its terms, § 641(a)(2) was designed to eliminate a judge's discretion to grant probation before judgment in certain cases. "[I]t is our view that the legislature intended to deny a subsequent offender who abuses alcohol and operates a motor vehicle any kind of grace where he is found to have violated the provisions of § 21–902 a second time within a five year period." *Shilling,* 320 Md. at 293, 577 A.2d 83. It is important to note that when § 641(a)(2) does not apply, a court is not *required* to grant probation before judgment. Instead, without § 641(a)(2), the court simply has *discretion* to grant a PBJ. Section 641(a)(2), therefore, acts as a limit upon the judicial discretion conferred upon the courts under § 641(a)(1). *Cf. State v. Fincham,* 71 Md.App. 314, 316, 525 A.2d 265 (1987) (holding that courts have no discretion to award a second probation before judgment in violation of § 641(a)(2)).

In *McGrath,* the Court of Special Appeals found a circumstance in which a court *would* have discretion to grant a PBJ even though the defendant had already been convicted of or given a PBJ for a drunk or drugged driving offense within five years. In response, the legislature explicitly amended § 641(a)(2) to eliminate the circumstances under which *McGrath* found that judicial discretion remained. The sole purpose mentioned in the legislative history was to close this loophole. *See* Senate Judicial Proceedings Committee, Floor Report on Senate Bill 199, at 1 (1991).

Purcell argues, and the circuit court concluded, that the current version of § 641(a)(2) was intended to give judges discretion to grant a second PBJ by postponing the sentencing of a defendant until the five-year period has elapsed. We find nothing in the language or legislative history of § 641(a)(2) or its 1991 amendment to support this contention. There is no evidence that the legislature intended to confer any sort of judicial discretion. The evidence, rather, is to the contrary.

We will not interpret § 641(a)(2) to allow courts to exercise judicial discretion in determining whether to apply a statute that attempts to limit that discretion.

■ Despite Purcell's assertions, the "rule of lenity" does not mandate a contrary conclusion:

> Generally, in construing penal statutes we employ the "rule of lenity," that is, statutes are strictly construed, in favor of the accused.... A rule should not, however, be invoked to subvert the purposes of the statute.... The intention of the legislature in drafting a statute should control a court's construction of that statute.

*State v. Kennedy,* 320 Md. 749, 754–755, 580 A.2d 193 (1990) (citations omitted); *see also Spitzinger v. State,* 340 Md. 114, 125, 665 A.2d 685 (1995); *Dillsworth v. State,* 308 Md. 354, 365, 519 A.2d 1269 (1987). If a court were permitted to postpone sentencing in order to purposely bring a defendant outside of § 641(a)(2)'s prohibition on the grant of a second PBJ, the court would be exercising the very discretion that § 641(a)(2) seeks to remove. We will not frustrate the legislature's intention in this way.

■ When a defendant is judged to be guilty of a drunk or drugged driving offense within five years of being convicted of or given probation before judgment for a previous drunk or drugged driving offense, § 641(a)(2) precludes the court from giving the defendant a PBJ regardless of the date on which the court sentences the defendant. Purcell received probation before judgment for his earlier offense on March 14, 1990, and was convicted of his later offense on November 28, 1994. Purcell, therefore, was not eligible for probation before judgment for the later offense.

*JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY RESPONDENT.*