686 A.2d 1103

## MARYLAND HOUSE OF CORRECTION

v.

**Merrill FIELDS.**

**No. 77, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Dec. 27, 1996.

Richard B. Rosenblatt, Assistant Attorney General (J. Joseph Curran, Jr. Attorney General, on the brief), Baltimore, for appellant.

Jeffrey C. Taylor (Merrill Fields on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and WENNER and DAVIS, JJ.

MURPHY, Chief Judge.

In this appeal from the Circuit Court for Baltimore City, the Maryland House of Correction, appellant, presents the following questions for our review:

I.  Does the failure of an inmate either to raise an issue in an inmate grievance proceeding or to appeal an inmate grievance decision to the circuit court operate as a procedural bar to habeas corpus review of the issue?

II.  Did the legislature intend that an inmate whose term of confinement begins prior to October 1, 1992 have good conduct credits awarded to his full term of confinement at the rate applicable prior to that date?

III. Where an inmate has been released from confinement on mandatory supervision release and is then reincarcerated for violating the terms and conditions of that release, should the Division of Correction deduct one day of diminution credit for every day of "street credit" that has resulted from the original use of the diminution credit upon reincarceration?

We answer yes to both of appellant's first two questions as phrased, but note that their resolution is inapplicable to the facts of the present case. To appellant's third question, we answer no and therefore affirm the judgment of the circuit court.

## FACTS

On April 19, 1988, Merrill Fields, appellee, was convicted of daytime housebreaking and received a ten year sentence, with all but five years suspended. Appellee was subsequently given a consecutive two year sentence for an unrelated violation of probation. At that point in time appellee's scheduled date of release was August 17, 1994. He was actually released, however, on May 8, 1992, because he earned 401 good conduct credits and 430 industrial/special project credits ("industrial credits"). According to the terms of his release, appellee was placed under mandatory supervision and was subject to the same conditions applicable to an individual on parole.

Appellee did not comply with the terms of his early release. On February 2, 1994, while still under mandatory supervision, he was convicted of theft and given an eighteen month sentence. This new conviction triggered another unrelated violation of probation, for which he received a consecutive six month sentence. Thereafter, on May 17, 1994, appellee was ordered to serve the five year portion of the 1988 daytime housebreaking sentence that had originally been suspended.

At the conclusion of a revocation of parole hearing relating to that portion of the 1988 daytime housebreaking sentence that had not been suspended, the Maryland Parole Commis-

sion revoked appellee's mandatory supervision and rescinded all of his previously accumulated good conduct credits. At this point, the balance of appellee's original seven year sentence was reinstated, less 641 days of "street credit" for the time appellee spent under mandatory supervision.[1] Thereafter, when calculating appellee's new target release date, appellant subtracted the 641 mandatory supervision credits from the 831 credits appellee had earned before his early release (401 good conduct and 430 industrial credits), leaving a balance of 190 industrial credits. These remaining credits were applied to appellee's new term of confinement along with prospective credits for future good behavior. The prospective credits, however, were applied at the rate of five good conduct credits per month. As per appellant's calculations, appellee's new term of confinement was shortened from May 17, 1999 to August 11, 1997.

Dissatisfied with the adjustments that appellant had made, appellee filed a grievance with the Inmate Grievance Office ("IGO"), arguing only that the prospective good conduct credits should have been applied at the rate of ten per month. Following a hearing, the IGO agreed with appellee and issued an appropriate recommendation to the Secretary of Public Safety ("Secretary"). The Secretary, however, declined to accept the IGO's recommendation and denied appellee's grievance.

Appellee then filed for a writ of habeas corpus in the Circuit Court for Baltimore City, arguing that he was entitled to immediate release because (1) prospective good conduct credits should have been applied at the rate of ten per month, rather than five, and (2) appellant lacked the authority to subtract mandatory supervision credits from previously accumulated good conduct and industrial credits. The Honorable Clifton J. Gordy agreed with both of appellee's arguments and granted his petition. Judge Gordy then ordered appellant to credit appellee with good conduct credits at the rate of ten per

---

**1.** Appellee makes no complaint about the sentences imposed in the circuit court.

month, and with additional industrial credits as well. This appeal followed.

## I.

■ Appellant argues that appellee had not exhausted his administrative remedies, and that the circuit court lacked jurisdiction to entertain appellee's habeas petition. We disagree.

■ Where the legislature "has provided a special form of remedy and has established a statutory procedure before an administrative agency for a special kind of case, a litigant must ordinarily pursue that form of remedy and not bypass the administrative official." *Oxtoby v. McGowan,* 294 Md. 83, 91, 447 A.2d 860 (1982). As a general rule, Md. Ann.Code art. 41, § 4–102.1 provides that an inmate file a grievance with the Inmate Grievance Office ("IGO") before seeking judicial review in the circuit court. In appellee's case, however, habeas relief was appropriate. Appellee alleged that appellant's actions were unauthorized, that he was unlawfully detained, and therefore entitled to immediate release. His habeas petition was properly entertained by the circuit court. *Frost v. State,* 336 Md. 125, 135–6, 647 A.2d 106 (1994).

## II.

■ When appellee was initially incarcerated in 1987, good conduct credits were awarded at the rate of five per month. Md. Ann.Code art. 27, § 700(d)(3) (1989). Section 700 was amended in 1992, increasing the good conduct credit rate from five to ten per month. Section 2, ch. 588, Acts 1992.

Appellant contends that appellee was improperly awarded good conduct credits at the post 1992 rate because his 1988 daytime housebreaking sentence had not yet terminated when he was convicted of the subsequent theft offense. In appellant's view, when appellee was sentenced in 1994, that term of confinement was not a new sentence but only an extension of the previous term and, therefore, the post 1992 rate should not

have been applied by the circuit court. We are persuaded, however, that the legislature intended a different result.

In a letter to a Department of Correction official, Delegate John Arnick, a sponsor of the bill amending § 700, noted: "If a person is sentenced before October 1, [1992] he is not eligible for the additional credits. A person sentenced on or after October 1, [1992] will receive the additional credits." Delegate Arnick's statements are supported by the explicit language of the 1992 amendment as it provides that the increased credit rate applied prospectively, "only to a term of confinement *imposed* on or after October 1, 1992." Section 2, ch. 588, Acts 1992 (emphasis supplied). The record clearly illustrates that appellee's subsequent sentences were imposed after the effective date of the 1992 amendment. The commitment order for each offense explicitly notes a "date sentence imposed" in 1994.

Because the plain language of § 700 does not command otherwise, and because the rule of lenity is applicable in criminal cases, we are persuaded that § 700 should not be interpreted as appellant urges. *See State v. Purcell,* 342 Md. 214, 228, 674 A.2d 936 (1996) (statutes are strictly construed in favor of the accused). Because each of appellee's subsequent sentences was imposed in 1994, well after the 1992 amendment, appellee was entitled to ten good conduct credits per month. Accordingly, Judge Gordy's order directing appellant to credit appellee with additional good conduct credits was entirely correct.

## III.

Appellant's third question concerns the subtraction of "street credits" from appellee's previously accumulated good conduct and industrial credits. We believe that Judge Gordy was correct in ordering appellant to apply additional industrial credits to appellee's sentence.

Md. Ann.Code art. 41, § 4–612 provides that the Parole Commissioner ("Commissioner") "may rescind *all* diminution credits previously earned on the sentence or any portion

thereof in the revocation proceedings." Md. Ann.Code art. 41, § 4–612(e) (1993) (emphasis supplied). In the instant case, the Commissioner specifically rescinded only appellee's good conduct credits. In accordance with that order, appellant should not have rescinded any other credits. Instead, appellant added appellee's good conduct and industrial credits and, without appropriate instructions from the Commissioner, subtracted appellee's "street credits" from that total. We agree with Judge Gordy that appellee had been denied the benefit of additional industrial credits and was therefore entitled to immediate release.

**JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.**