482 A.2d 31

STATE of Maryland

v.

Deborah Ann ARMSTRONG.

STATE of Maryland

v.

Francis Xavier JONES.

Nos. 1756, 1770, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Oct. 8, 1984.

Certiorari Denied Feb. 5, 1985.

Richard B. Rosenblatt, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Sandra A. O'Connor, State's Atty. for Baltimore County, and Ted Flerlage, Jr., Asst. State's Atty. for Baltimore County, on the brief, for appellant.

Michael R. Braudes, Asst. Public Defender for appellee, Armstrong and Gary S. Offutt, Asst. Public Defender for appellee, Jones, with whom was Alan H. Murrell, Public Defender, on the briefs, for both appellees.

Argued before GILBERT, C.J., and WILNER and WEANT, JJ.

GILBERT, Chief Judge.

We have consolidated these two appeals, *State v. Armstrong*, No. 1756, and *State v. Jones*, No. 1770, both September Term, 1983, into one opinion because both cases involve the same law, *i.e.*, the subsequent offender statute. Md.Ann.Code art. 27, § 643B. *See also* former Md.Rule 734. Each case originated in the Circuit Court for Baltimore County; one is concerned with the notice to the defendant of the State's intent to seek increased punishment of the defendant, and the other concerns the prior incarceration requirement. Failing in its efforts, the State has appealed to this Court.

Before we discuss the applicable law, we shall set forth briefly the factual pattern from which each case arose.

Deborah Ann Armstrong pleaded guilty to the crimes of daytime housebreaking and malicious destruction of property. A notice of intention to seek a mandatory penalty under § 643B was served by the State on the same day that the guilty pleas were entered. Five months later at the sentencing proceeding, the trial judge determined that the State had failed to provide the timely notice of its intent to proceed under § 643B. He declined to impose the sentence legislatively dictated by § 643B.

Francis Xavier Jones was convicted of robbery with a dangerous and deadly weapon. The State, having given proper notice of its intent to proceed to sentencing under § 643B, established that Jones had twice before been convicted of breaking and entering. Suspended sentences had been imposed in each prior offense and he had been placed on probation. Jones, however, was subsequently incarcerated for violating the conditions of probation.

At the sentencing hearing in the instant case, the judge refused to sentence Jones under § 643B. The trial court opined that Jones's prior incarceration was the result of a

probation violation and not a consequence of the underlying conviction.

## The law

 Whenever an accused is charged with a crime of violence and he or she has previously been convicted of two other crimes of violence not arising from the same incident, the State's attorney may seek a mandatory lengthy sentence. If the prosecutor utilizes the power conferred upon him or her by the law, Md.Ann.Code art. 27, § 643B, the trial court must impose the statutorily prescribed penalty. The State is not required to ask that the strictures of § 643B be applied to a defendant, inasmuch as subsection (d) implicitly confers discretionary power in the prosecution. The only prerequisites to the imposition of § 643B's mandatory provisions are:

1. a charge of committing a crime of violence;

2. at least two prior convictions of crimes of violence, provided they arise from separate incidents;

3. service in a penal institution for at least part of one of the sentences imposed in the prior convictions;

4. the State's attorney opts to seek the imposition of the mandatory sentence;

5. the notice under former Rule 734(c) by the prosecutor to the defendant or his counsel of the prosecution's intent to seek imposition of the mandatory sentence.

The statute has legislatively reversed the historical roles of court and prosecutor. Although the State's attorney may elect whether to proceed against an accused on the basis of the enhanced punishment statute, a trial judge has no choice in the matter. If the State charges an accused under the so-called habitual offender statute and the evidence shows that the accused has been previously convicted of crimes of violence, and the statute is otherwise satisfied, the judge *must* impose the statutorily mandated penalty.

*State v. Armstrong, No. 1756*

Md.Rule 734(c), applicable at the time of the proceeding in the trial court, provided:

"If a mandatory sentence is prescribed by law because of a specified previous conviction, the State's Attorney, at least 15 days prior to sentencing, shall serve upon the defendant or his counsel a notice of the alleged prior conviction which would require imposition of the mandatory sentence." [1]

■ The record shows that the assistant State's attorney served notice under Rule 734(c) after Ms. Armstrong had entered a guilty plea. Nevertheless, defense counsel announced that Ms. Armstrong was ready for immediate sentencing. After an exchange between counsel and the bench, the prosecutor asked for a presentence investigation. The defendant objected. Although the judge said that he agreed with the defense that the State had not complied with the notice requirements of Rule 734(c), he granted the State's request for a presentence report. Sentencing did not occur until five months after the acceptance of the plea. Had the judge sentenced on the day the plea was tendered and accepted under Rule 734(c) then in effect, he would have been correct in holding that the State had failed to furnish timely the necessary notice. He did not, however, sentence on that date and, patently, the notice was served more than 15 days before sentencing. Thus, the State inadvertently backed into compliance with the rule because of the judge's apparent reluctant acquiescence in granting

---

1. Effective July 1, 1984, Md.Rule 734(c) was rescinded by the Court of Appeals. The replacement rule is Rule 4–245(c). It reads:

"When a law prescribes a mandatory sentence because of a specified previous conviction, the state's attorney shall serve a notice of alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in the district court. If the state's attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement."

the request for a presentence report. Since the notice was timely under the peculiar circumstances of this case, the trial judge erred in not sentencing Armstrong to the term mandated by the statute, *i.e.*, imprisonment for not less than 25 years. Md.Ann.Code art. 27, § 643B(c).

We observe that former Rule 734 seemed to permit an accused to spring a surprise on the State by withholding from the prosecutor the fact that the defendant intended to plead guilty. If, at trial, the accused entered a plea of guilty and requested an immediate imposition of sentence, and the judge agreed, the prosecution was caught short. It was unable to comply with Rule 734, unless as a policy matter it served timely notice in every case to which the habitual offender act might conceivably apply. As the rule then read, its sanctions could have been ignored by the State, if, as here, the judge had permitted the State to request a presentence report in order that the prosecution could comply with the dictates of Rule 734. Under such circumstances the purpose of the advance notice would be almost meaningless since the State, at its pleasure prior to the time the case was called for sentencing, could follow or ignore the rule.

If the accused actually ran afoul of Md.Ann.Code art. 27, § 643B, and it was already known to the State, the obtaining of a presentence report was but a subterfuge, a mere sham, for irrespective of what the report disclosed, the court remained powerless to impose less than the statutorily mandated sentence. The only useful purpose then of a presentence report was as a vehicle allowing the State to circumvent then Rule 734.[2] Be that as it may, there was in the case *sub judice* de facto compliance with the rule because, and only because, the judge agreed with the State that a presentence report was needed. Therefore, when

---

**2.** *See,* however, note 1, *supra.*

sentence was actually handed down, the provisions of Rule 734 had long been satisfied.[3]

Under the new Rule 4–245(c),[4] if the State fails to give the required notice, the judge must postpone sentencing for 15 days in order that the notice requirements are met. Of course, the defendant may waive notice. In either event, the State appears to be able to utilize the rule by complying with its terms before or after the entering of a verdict of guilty, whether by way of a plea or by trial on the merits. Simply stated, the new rule precludes a recurrence of the happening of events similar to those in the instant case.

### State v. Jones, No. 1770

We turn now to Jones and note that it is undisputed that he had twice before been convicted of crimes of violence. There was, however, a question in the mind of the trial judge as to whether incarceration for violation of probation constituted confinement as a result of a conviction of a crime of violence. The resolution of that question must await another day.

Jones has moved to dismiss the State's appeal on the ground that it was not timely. Md.Rules 1035 b 3 and 1012 a. The record shows that three concurrent five year sentences were imposed upon Jones on August 30, 1983. The State, following the jury's verdicts in the case, moved for an "addendum"; that is, to have the defendant sentenced under the subsequent offender statute. At sentencing, the trial judge "conclude[d] that the Petition for application of the mandatory sentence for a crime of violence ... [was] not applicable in this case ...." He thereupon imposed the three concurrent five year sentences. Instead of appealing

---

**3.** Because the judge did not comply with the provisions of Md.Ann. Code art. 27, § 643B, the habitual offender law, there was no need to extend to Ms. Armstrong the opportunity to withdraw her plea. On remand, she should be afforded that opportunity, inasmuch as she has not voluntarily waived that right.

**4.** The text of Rule 4–245(c) appears in note 1, *supra.*

the sentences,[5] the State, almost 60 days later, on October 25, 1983, moved for a review of sentence. The motion was denied on November 25, 1983, and the State appealed.

■ Patently, the appeal was not filed within 30 days of the date of judgment, *viz:* August 30, 1983. The Maryland Rules of Procedure require that appeals from final judgments in criminal cases be taken within 30 days from the date of the judgment. Md.Rule 1012 a. The State, in the matter *sub judice*, seeks to avoid the strictures of Rule 1012 a. and to have us review the matter by camouflaging it as an appeal from the trial court's denial of a motion for reconsideration. Irrespective of what the State chooses to call its appeal, it is, in the final analysis, nothing more than a diaphanous effort to enlarge the time frame in which appeals may be noted. It is as unsuccessful as it is transparent. See *State v. Bundy*, 52 Md.App. 456, 459–460, 450 A.2d 495 (1982).

JUDGMENTS IN APPEAL NUMBER 1756, STATE v. ARMSTRONG, REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE.

APPEAL DISMISSED IN APPEAL NUMBER 1770, STATE v. JONES. COSTS TO BE PAID BY BALTIMORE COUNTY.

---

**5.** *See* Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(2) which permits the State to appeal whenever the State alleges "that the trial judge failed to impose the sentence specifically mandated by the Code."