983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jason Victor HAMM-BEY, Petitioner-Appellant,
v.
THE ATTORNEY GENERAL OF THE STATE OF MARYLAND; State of
Maryland, Respondents-Appellees.
 No. 91-6307.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 11, 1992
Decided: January 22, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-1829-JFM)
 Jason Victor Hamm-Bey, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Jason Hamm-Bey collaterally attacks his state conviction on a guilty plea for possessing cocaine with intent to distribute, and unlawfully wearing a handgun, for which he is serving a term of ten years' incarceration. Because it does not appear that Hamm-Bey's guilty plea resulted from ineffective assistance of counsel, we affirm.
 
 
 2
 Hamm-Bey was arrested, and cocaine was recovered after police found a handgun in Hamm-Bey's pocket during a second of two successive "stop-and-frisks." Arresting officers initially received information that a man meeting Hamm-Bey's description was carrying a gun. They responded to the reported location, found and frisked Hamm-Bey, but found nothing. About twenty minutes later, the officers instituted the second search claiming they received a radio message that they had just walked by the offender after they had just passed Hamm-Bey.
 
 
 3
 Without warning Hamm-Bey, and without first obtaining tapes of the alleged radio communications in discovery, Hamm-Bey's lawyer sent an inexperienced associate to represent Hamm-Bey during a suppression hearing. Substitute counsel put Hamm-Bey on the stand to testify about the circumstances of his arrest before the State put on the arresting officer, even though the State had the burden to show that evidence was not unlawfully obtained. Hamm-Bey's Motion to Suppress Evidence was denied.
 
 
 4
 After the suppression hearing, substitute counsel recommended that Hamm-Bey accept the plea offered by the State. In subsequent state post-conviction hearings, the attorney admitted that his own nervousness about trying a case for the first time "possibly played a role" in his decision to advise Hamm-Bey to accept the plea agreement, and that this nervousness may have accounted for "not ... more than twenty percent" of his recommendation. In state post-conviction proceedings, Hamm-Bey testified that counsel informed him that he "might be facing" a forty-year sentence if he did not accept the plea.* In his state post-conviction petition, and in subsequent federal proceedings, Hamm-Bey alleged that substitute counsel did not provide effective assistance in suppression proceedings or in advising HammBey on his guilty plea. In his § 2254 petition, Hamm-Bey reasserts the grounds that he alleged in his Maryland post-conviction proceedings. The district court denied habeas relief without a hearing, but granted Hamm-Bey a certificate of probable cause to appeal.
 
 
 5
 Ineffective assistance claims are evaluated under a well established two-part test. See Strickland v. Washington, 466 U.S. 668 (1984). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To obtain relief from his guilty plea, Hamm-Bey would have to show both that his counsel was incompetent and that he would likely not have pled guilty but for counsel's incompetence. Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 6
 The district court assumed that Hamm-Bey's attorney erred in presenting evidence before the State did so at the suppression hearing. Nevertheless, it found no reasonable probability that the result would have been different but for this error. Nothing in the record supports an inference that the state court relied to Hamm-Bey's detriment on any evidence presented by his attorney at the suppression hearing. Rather, the state court denied Hamm-Bey's motion to suppress exclusively on the basis of the evidence presented by the State. The State gained no apparent advantage in presenting its evidence after HammBey. Moreover, Hamm-Bey's allegation that counsel conducted inadequate discovery does not show what, if any, favorable evidence might have been uncovered if tapes of police communications had been released. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3724 (U.S. 1991). If there was error in counsel's representation during the suppression proceedings, there is no reason to believe that Hamm-Bey's case was prejudiced, or that Hamm-Bey was deprived of any constitutional rights thereby.
 
 
 7
 The same reasoning applies to Hamm-Bey's counsel's admission that his own nervousness played a role in his decision to advise Hamm-Bey to plead guilty. Given the strong evidence of HammBey's guilt, and the low probability that an appellate court would overturn the trial court's ruling on the motion to suppress, counsel's advice was sound, and his admission of mixed motivations is not sufficient to overcome the presumption of effective assistance. Strickland, 466 U.S. at 688-89.
 
 
 8
 Likewise, we find no error in Hamm-Bey's counsel's advice that Hamm-Bey faced a maximum sentence of forty years if he opted to go to trial. This advice was premised on the correct assumption that his sentence could have been doubled under subsequent-offender laws. Although Hamm-Bey correctly notes that Md. R. 4-245(b) prohibits sentencing a defendant as a subsequent offender where, as here, the State's attorney has failed to notify the defendant of the prior conviction at least fifteen days before trial in the Circuit Court, the State's failure is excused where, as here, the defendant has actual notice of the prior conviction and the State's intention to seek enhanced punishment. See State v. Thurmond, 536 A.2d 128 (Md. App.), cert. denied, 541 A.2d 965 (Md. 1988); King v. State, 466 A.2d 1292 (Md. App. 1983), aff'd, 477 A.2d 768 (Md. 1984). Before the court accepted his guilty plea, Hamm-Bey had actual notice that if the case went to trial the State would ask the court to sentence him as a subsequent offender, based on a prior August 1986 conviction for handgun and cocaine possession. Because Hamm-Bey had actual notice, his counsel's advice about the possibility of an enhanced sentence was correct. Nothing in counsel's advice rendered Hamm-Bey's plea involuntary.
 
 
 9
 Accordingly, we affirm the decision of district court. We deny Hamm-Bey's motion for the appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The plea colloquy indicates that the judge also advised Hamm-Bey of the possibility of a 40-year sentence