619 A.2d 553

**STATE of Maryland**

v.

**Carl Vance MONTGOMERY.**

**No. 624, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Feb. 2, 1993.

Tarra DeShields–Minnis, Asst. Atty. Gen., Baltimore (J. Joseph Curran, Jr., Atty. Gen., Baltimore and William R. Hymes, State's Atty. for Howard County, Ellicott City, on the brief), for appellant.

Claudia Cortese, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellee.

Submitted before MOYLAN, ALPERT and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

Carl Vance Montgomery was indicted in the Circuit Court for Howard County—Case Number 23152—for distribution of a controlled dangerous substance (cocaine) and simple possession of a controlled dangerous substance. He pled guilty to the distribution of cocaine count. The remaining charge was *nolle prossed*. In accordance with the terms of the plea agreement, the charges in another case pending against Montgomery—Case Number 22402—were to be *nolle prossed* at the time of sentencing.

Montgomery was sentenced to the Maryland Division of Corrections for a 10–year period of incarceration, a sentence that allowed for the possibility of parole. The State filed a motion to correct the sentence imposed. That motion was denied by the sentencing court. The State appealed, pursuant to Md.Cts. & Jud.Proc.Code Ann. § 12–302(c)(2) (1974, 1989 Repl.Vol.),[1] contending that the trial court erred in refusing to grant the prosecutor's requested postponement in accordance with the dictates of Rule 4–245(c)[2] and thereafter imposed an illegal sentence. We affirm. We will first explain the basis for the requested postponement.

---

1. Section 12–302(c)(2) provides:
   "The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code."

2. Rule 4–245(c) provides that:
   "When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement."

Both cases pending against Montgomery in the trial court were scheduled for trial on September 11, 1991. On that date, before Montgomery entered a guilty plea to the charge of distribution of cocaine in Case Number 23152, the State announced that it was prepared to serve Montgomery with notice that it intended to seek the legislatively prescribed mandatory penalty of 10 years, without the possibility of parole, under Md.Code Ann. Art. 27, § 286(c)(1) and (2) (1957, 1992 Repl.Vol.).[3]

It was agreed that, in exchange for Montgomery's plea in Case Number 23152, the State would enter *nolle prosses* to the charges in Case Number 22402 at the time of sentencing. The State reiterated that it would seek a "mandatory ten year without parole sentence" and that notice of such would be served upon Montgomery that day. The factual predicate for the plea in Case Number 23152 was set forth by the prosecutor and the plea to the charge of distribution of cocaine was accepted by the court.

The prosecutor then stated that he was serving Montgomery's attorney with a copy of the notice of mandatory penalty. The notice included a certified copy of the prior conviction upon which the prosecutor intended to rely. An

---

**3.** Article 27, § 286(c) provides in pertinent part:
"(c)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:
"(i) Under subsection (b)(1) or subsection (b)(2) of this section;
"(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section; or
"(iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State.
"(2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code."

"original" of the notice[4] was served upon the court and opposing counsel in open court, and after some further discussion, the guilty plea proceeding was concluded. The sentencing was to occur on a later date. At the request of the State, the sentencing was postponed several times.

On April 2, 1992, Montgomery appeared for sentencing. The prosecutor recapitulated the terms of the plea agreement. He then called the court's attention to the fact that a notice of mandatory penalty had been provided to Montgomery and filed with the court, along with a certified copy of the docket entry reflecting the prior conviction. The trial judge indicated that the notice had not been filed in Case Number 23152, although his notes reflected that the prosecutor had made it clear that he intended to do such. Ultimately, it was discovered that the notice had indeed been filed, but that it bore the number 22402 rather than Case Number 23152.

Defense counsel noted at these proceedings that, although he and the prosecution had spoken about the State's intent to seek enhanced penalties, these discussions did not

"cancel their requirement that they do it properly. We've fought them and talked to them on many occasions about not filing the enhancement, they've known my position that we're certainly displeased with their intent to try to file for enhancement but still we didn't waive our right, and [Montgomery] doesn't waive his right to have them do it properly if they seek it."

Defense counsel stated that Montgomery was prepared to be sentenced that day and that Montgomery was not on notice that the State had formally registered its intention to seek enhanced punishment by filing the requisite notice in Case Number 23152. Montgomery, through counsel, maintained that he was "well within his rights to assert the State be prepared to go forward with sentencing [that day]." The prosecutor sought a continuance of 15 days in

---

4. This original does not appear in the record.

order to file a notice with the proper case number. The prosecutor then sought the court's permission to amend the notice so that it would reflect, not Case Number 22402, but Case Number 23152. The court denied the prosecutor's requested continuance and motion to amend the notice.

The court then entertained argument from both parties as to the appropriate sentence. The prosecutor proffered evidence that Montgomery had a prior conviction for possession of phencyclidine in sufficient quantity to indicate under all of the circumstances an intent to distribute. Montgomery's attorney acknowledged the conviction and Montgomery admitted that he had served "a six month bit." The court then sentenced Montgomery to 10 years imprisonment, but did not make the term one without the possibility of parole as provided by Art. 27, § 286(c)(2).

■ The sole argument raised in the State's brief is that the trial court erred in not granting the prosecutor a second requested 15–day postponement under Rule 4–245(c) in which to serve a notice of intention to seek an enhanced sentence. In support of its position, the State relies on *State v. Thurmond,* 73 Md.App. 686, 692–93, 536 A.2d 128 (1988). *Thurmond* does not support the position that the trial judge was legally bound to grant the prosecutor a second 15–day postponement.

■ Under *Thurmond* and *State v. Armstrong,* 60 Md. App. 244, 250, 482 A.2d 31 (1984), *cert. denied,* 302 Md. 288, 487 A.2d 292 (1985), on which the *Thurmond* court relied, we determined that the purpose of Rule 4–245's 15–day postponement *was to avert a situation in which a defendant could obviate the filing for enhanced penalties by demanding* sentencing immediately upon entering a guilty plea. *Armstrong,* 60 Md.App. at 250, 482 A.2d 31. The *Thurmond* and *Armstrong* courts noted that this postponement provision was enacted to preclude the accused from "spring[ing] a surprise" on the State by withholding his or her intentions of pleading guilty and then demanding immediate sentencing, thereby catching the prosecution "short."

*Armstrong,* 60 Md.App. at 250, 482 A.2d 31. *See Thurmond,* 73 Md.App. at 692–93, 536 A.2d 128. Thus, under these authorities and the Rule itself, if the State has had 15 days from the entry of a guilty plea, as it did in this case, it is not entitled to *another* postponement to effect that which it had ample time to effect before.

In the instant case, the prosecution had much more than 15 days in which to file timely notice of its intention to seek enhanced penalties in Montgomery's case. Montgomery entered a guilty plea on September 11, 1991 and the ultimate sentencing hearing—after an initial postponement at the prosecutor's request and other reschedulings—was held on April 2, 1992, five months later. Under these circumstances, the prosecution had more than ample time in which to file the requisite notice in this case.

The State does not question the propriety of the trial court's refusal to permit the prosecutor to amend the notice to reflect the case number of the case; hence, we make no comment in that regard.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY HOWARD COUNTY.