637 A.2d 1193

**STATE of Maryland**

v.

**Carl Vance MONTGOMERY.**

**No. 42, Sept. Term, 1993.**

Court of Appeals of Maryland.

March 9, 1994.

Tarra DeShields–Minnis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., of Maryland, on brief), Baltimore, for petitioner.

Douglas J. Wood (Roberts & Wood, on brief), Riverdale, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

We granted the State's petition for a writ of certiorari to consider whether the trial court erred in denying the State's motion for a continuance to comply with the notice requirements of Maryland Rule 4–245(c). The State's appeal to the Court of Special Appeals was unsuccessful.[1] That court

---

* McAULIFFE, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. The State appealed on the authority of Maryland Code (1973, 1989 Repl.Vol.) § 12–302(c)(2) of the Courts & Judicial Proceedings Article, which provides:

(c) In a criminal case, the State may appeal as provided in this subsection.

 \* \* \* \* \* \*

(2) The State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code.

The State's appeal is proper. Whenever the statutory requirements are met and the requisite notice given, a trial court must impose the sentence prescribed in the mandatory sentencing statute; it has no discretion to do otherwise. *State v. Taylor*, 329 Md. 671, 675, 621 A.2d 424, 426 (1993); *Loveday v. State*, 296 Md. 226, 236–237, 462 A.2d 58,

held that, inasmuch as more than 15 days had elapsed between entry of the guilty plea and the sentencing hearing, the State had "more than ample time in which to file the requisite notice" and, therefore, was not entitled to a further postponement in which to file timely notice of its intention to seek enhanced penalties. *State v. Montgomery*, 95 Md.App. 99, 104, 619 A.2d 553, 556 (1993). For the reasons that follow, we shall reverse.

I.

Carl Vance Montgomery, the respondent, pled guilty, in the Circuit Court for Howard County, to count one, distribution of cocaine, of indictment No. 23152, one, of two indictments then pending against him. The agreement pursuant to which the plea was entered required the State to *nolle pros* the remaining count of the indictment and, upon sentencing, to *nolle pros* indictment No. 22402. It contemplated, in addition, that the State would, pursuant to Maryland Code (1957, 1992 Repl. Vol.) Art. 27, § 286(c), "serv[e] notice against the defendant as to mandatory sentence to be imposed," and continue the sentencing until the court's next disposition date. After the respondent was advised of "the significance of pleading guilty," the factual basis for the plea had been read into the record, and a guilty verdict entered, the State served on the respondent's attorney and with the court, a notice of mandatory sentencing, along with a certified copy of the prior conviction upon which the State intended to rely. Because the maximum sentence that could have been imposed exceeded the mandatory sentence required by § 286(c)(2),[2] at the re-

---

63 (1983). Because the trial court denied the State the opportunity to give the notice required for the imposition of the mandatory sentence— had it postponed the case for 15 days and the State had given the respondent notice, the condition precedent would have been met and the sentence prescribed by § 286(c)(1) would have been mandated—the State argues that, the postponement being mandatory, "the trial judge failed to impose the sentence specifically mandated by the Code."

**2.** Maryland Code (1957, 1992 Repl.Vol.) Art. 27, § 286(c) provides, in pertinent part:

spondent's attorney's request, the court ordered a presentence investigation report.

Sentencing was held on April 2, 1992, more than six months after September 11, 1991, the date when the plea was taken.[3] At that time, when the State reiterated its intention to seek a mandatory sentence, referencing the notice for enhanced penalty it previously had filed when the plea was taken, the trial court informed the parties that no notice had been filed in criminal No. 23152. It was discovered that, while the State did file a Notice of Prior Conviction Requiring Imposition of Mandatory Sentence, it was captioned in criminal No. 22402

---

(c)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:

(i) Under subsection (b)(1) or subsection (b)(2) of this section;

(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section; or

(iii) Of an offense under the laws of another state, the District of Columbia, or the United States that would be a violation of subsection (b)(1) or subsection (b)(2) of this section if committed in this State.

(2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code.

The maximum penalty for distribution of cocaine is 20 years' imprisonment, a $25,000.00 fine, or both. *See* Maryland Code (1957, 1992 Repl.Vol.) Art. 27, § 286(b)(1).

3. Sentencing was originally scheduled for November 8, 1991 to accommodate the respondent's attorney. That hearing was postponed. Docket entries for that date read:

Def & def atty FTA, State's req for pp: granted Reset for sd on 12–3–91 clerk to notify

Sentencing was postponed from December 3, 1991 to February 4, 1992 and, subsequently, to February 6, 1992, both times at the request of the respondent. On February 4, 1992, the State sought to postpone the February 6, 1992 sentencing hearing; however, on February 5, 1992, a postponement from that date to March 3, 1992 was granted "due to lack of judicial resources." The March 3, 1992 date was also rescheduled "due to lack of judicial resources."

**24**

and, thus, filed in that case.[4]

The State requested, in the absence of a waiver of notice by the respondent, a postponement for 15 days to permit it to file the notice in the proper case. Alternatively, it asked permission to amend the notice to correct the caption from criminal No. 22402 to criminal No. 23152. The respondent opposed each request. The trial court ruled in the respondent's favor and proceeded immediately to disposition. It sentenced the respondent to ten years imprisonment with the right to parole.

## II.

 Maryland Rule 4–245(c) provides:

(c) *Required Notice of Mandatory Penalties.*—When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in District Court. *If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement.* (Emphasis added).

The canons and rules of construction that guide the interpretation of statutes apply equally when interpreting rules of procedure. *New Jersey v. Strazzella,* 331 Md. 270, 274, 627 A.2d 1055, 1057 (1993); *Hartless v. State,* 327 Md. 558, 563, 611 A.2d 581, 583 (1992). Thus, our search for the meaning of the emphasized portion of Rule 4–245(c) must start with and, if the words are clear and unambiguous, end with, the words of the rule. *Harris v. State,* 331 Md. 137, 145, 626 A.2d 946, 950 (1993); *Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991).

---

**4.** Neither the respondent nor his attorney has ever denied that they were aware of the State's intention to seek a mandatory sentence or that they were served with notice of that intention. The respondent's position is, stated simply, that being aware that the State intended to seek a mandatory sentence "doesn't cancel their requirement that they do it properly."

■ Rule 4–245(c) is clear and unambiguous: Whenever a defendant is subject to a mandatory sentence as a result of a prior specific conviction, the State must serve notice of that prior conviction on the defendant within a specified time before sentencing. The last sentence of the rule makes clear that the State's failure to do so, and in the absence of waiver of the notice by the defendant, requires the trial court to postpone sentencing at least 15 days. In short, the rule precludes a defendant from being able to evade the imposition of a mandatory penalty, which, if all of the statutory requirements are met, must be imposed. *See State v. Taylor*, 329 Md. 671, 676, 621 A.2d 424, 426 (1993); *Loveday v. State*, 296 Md. 226, 236–37, 462 A.2d 58, 63 (1983).

Nevertheless, the Court of Special Appeals held, and the respondent argues,

if the State has had 15 days from the entry of a guilty plea, as it did in this case, it is not entitled to *another* postponement to effect that which it had ample time to effect before.

*Montgomery*, 95 Md.App. at 104, 619 A.2d at 556–57. Aside from the fact that the language of the rule belies that holding, neither the purpose of the rule nor the cases which have construed it or its predecessor, *i.e.*, *State v. Armstrong*, 60 Md.App. 244, 482 A.2d 31 (1984), *cert. denied*, 302 Md. 288, 487 A.2d 292 (1985); *State v. Thurmond*, 73 Md.App. 686, 536 A.2d 128 (1988), provides any support for that proposition.

Rule 4–245(c) was derived from former Maryland Rule 734(c), which provided:

If a mandatory sentence is prescribed by law because of a specified previous conviction, the State's Attorney, at least 15 days prior to sentencing, shall serve upon the defendant or his counsel a notice of the alleged prior conviction which would require imposition of the mandatory sentence.

Rule 734(c) was at issue in *Armstrong*. There, on the day that the defendant entered his guilty plea to the pending charges, the State served the defendant with notice of its intention to seek a mandatory penalty. Once the guilty plea had been accepted, the State requested a postponement in

order to give the notice required by Rule 734(c), but the defendant opted for immediate sentencing. Despite the fact that a presentence investigation report was ordered, which necessarily postponed sentencing, the trial court determined that the State had failed to comply with Rule 734(c)'s notice requirement and, so, declined to impose the sentence mandated by Maryland Code (1957, 1992 Repl.Vol.) Art. 27, § 643B. Reversing, the Court of Special Appeals noted that, when the trial court, rather than sentencing the defendant on the date the guilty plea was accepted, sentenced him after the presentence investigation had been completed and filed, the State was allowed "inadvertently [to back] into compliance with the rule." 60 Md.App. at 249, 482 A.2d at 34. The court observed, however:

> former Rule 734 seemed to permit an accused to spring a surprise on the State by withholding from the prosecutor the fact that the defendant intended to plead guilty. If, at trial, the accused entered a plea of guilty and requested an immediate imposition of sentence, and the judge agreed, the prosecution was caught short. It was unable to comply with Rule 734, unless as a policy matter it served timely notice in every case to which the habitual offender act might conceivably apply. As the rule then read, its sanctions could have been ignored by the State, if, as here, the judge had permitted the State to request a presentence report in order that the prosecution could comply with the dictates of Rule 734. Under such circumstances the purpose of the advance notice would be almost meaningless since the State, at its pleasure prior to the time the case was called for sentencing, could follow or ignore the rule.

*Id.* at 250, 482 A.2d at 34. The court went on to say, with regard to Rule 4–245(c):

> Under the new Rule 4–245(c), if the State fails to give the required notice, the judge must postpone sentencing for 15 days in order that the notice requirements are met. Of course, the defendant may waive notice. In either event, the State appears to be able to utilize the rule by complying with its terms before or after the entering of a verdict of

guilty, whether by way of a plea or by trial on the merits. Simply stated, the new rule precludes a recurrence of the happening of events similar to those in the instant case. *Id.* at 251, 482 A.2d at 34–35 (footnote omitted).

The situation that *Armstrong* predicted would not recur was addressed in *Thurmond.* In that case, the defendant, having entered guilty pleas, resisted the State's request for postponement in order to file the notice required for the imposition of the mandatory penalty for which the defendant was eligible. The trial court denied the postponement and, although the evidence seemed to indicate that he was one, refused to sentence the defendant as a subsequent offender. The Court of Special Appeals reversed, citing *Armstrong.* It went on to hold that the operative language of Rule 4–245(c) required the trial court to grant the State a postponement of at least 15 days when the State fails to comply with the notice requirement of the rule and the defendant refuses to waive that requirement. *Thurmond,* 73 Md.App. at 693, 536 A.2d at 131.

The interpretation given the last sentence of the rule by *Armstrong* and *Thurmond* is consistent with the rule's purpose and the reason for that sentence's insertion in the rule. *See* Robert J. Ryan, Memorandum to Rules Committee Members, *Title IV—Consolidated District Court—Circuit Court Rules of Procedure,* at 10 (June 4, 1982). Addressing proposed Rule 4–405(e), the predecessor of Rule 4–245(c), Mr. Ryan, former Chairman, Criminal Rules Subcommittee, explained the reason for the last sentence:

This rule is derived from Rule 734. One clarifying sentence is added to Subsection (c). This section deals with mandatory penalties, as opposed to statutory provisions which permit additional penalties to be imposed. In the mandatory penalty section, there is no provision for a waiver by oversight [ ] by the State's Attorney. If the State's Attorney did not give notice on time, the court should delay sentencing to permit the defendant the period of fifteen days to gather information to challenge the State's Attorney['s] assertion that the defendant is a subsequent

offender. When this rule was drafted, it was the intent to prevent an inadvertent waiver from preventing the imposition of a *mandatory* penalty for a subsequent offender.

A Legislative committee studied the impact of this rule during the last legislative session. The study was aimed at the situation in which the State's Attorney withholds the required notice of the subsequent offender status as part of the plea bargaining agreement. Proposed legislation would have required the judge to impose a mandatory penalty based upon information in a pre-sentence report or any other source, without regard to the State's Attorney's notice obligations. We do not believe that that legislation came out of committee. This rule does not attempt to correct any State's Attorney's abuses which may exist in this area.

The Legislative report referred to, Alan L. Tanenbaum, *Maryland's Subsequent Criminal Offender Statute: An Analysis of Current Law and Proposed Legislation,* 2 Legislative Rep.Series 1, at 22–23 (January, 1982), discussed the purpose of Rule 734(c), concluding:

Although not expressed in the Rule, the expectation of the [the Criminal Rules] Subcommittee was that, if the State's Attorney discovered from the pre-sentence investigation report that the defendant had prior convictions that would subject him to mandatory increased penalties as a subsequent offender, the State's Attorney would request a postponement of sentencing for at least 15 days and would immediately serve notice. Apparently, however, that expectation was not sufficiently communicated, for the Subcommittee is presently considering the addition of language to Rule 734c to the effect that: "The court shall postpone the sentencing date in the event that the State's Attorney fails to serve a timely notice." (Footnotes omitted).

The sources of this conclusion were identified as Robert J. Ryan, the Chairman of the Criminal Rules Subcommittee and Linda Richards, the Assistant Reporter of the Rules Committee.

From the foregoing, it is patent that the purpose of Rule 4–245(c) is to facilitate the imposition of mandatory sentences prescribed by the Legislature. That is accomplished, not by giving the defendant a vested interest in avoiding mandatory sentences, but rather by permitting the mandatory sentence to occur, but only after ensuring that the defendant has received the requisite notice,[5] thus, allowing him or her to challenge the assertion that he or she is a subsequent offender.

*JUDGMENT REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH INSTRUCTIONS TO FURTHER REMAND TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR RESENTENCING. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.*

ELDRIDGE, J., concurs in the result only.

---

5. As presented, the issue for this Court is whether the notice was timely filed by the State. In point of fact, however, it is not disputed that notice was given the respondent and his counsel, *albeit* captioned in a different case. On this appeal, no issue has been made by the State as to the adequacy of that notice; hence, we need not, and do not, address it. We note, however, that the purpose of requiring notice in the circumstances "is to inform the defendant fully of the State's case against him in order that he may intelligently conduct his defense." *Shilling v. State*, 320 Md. 288, 297, 577 A.2d 83, 87 (1990), citing *King v. State*, 300 Md. 218, 229, 477 A.2d 768, 774 (1984). That purpose may very well have been realized by the notice the respondent and his counsel received. In fact, counsel acknowledged that their only stake in this matter was ensuring that the State "did it correctly," not in being apprised of the State's intention.