693 A.2d 357

Saul E. KERPELMAN,

v.

SMITH, SOMERVILLE & CASE, L.L.C.

No. 1213, Sept.Term., 1996.

Court of Special Appeals of Maryland.

May 2, 1997.

Saul E. Kerpelman, Baltimore, for Appellant.

Deborah K. Besche (Jeffrey S. Jubera and Smith, Somerville & Case, L.L.C., on the brief), Baltimore, for Appellee.

Argued before MOYLAN, WENNER and SALMON, JJ.

WENNER, Judge.

Appellant, Saul E. Kerpelman, appeals from an order of the Circuit Court for Baltimore City holding him "in constructive contempt of this court." On appeal, appellant presents us with the following questions:

(1) Did the trial court have the power in the underlying case to order an examination of the Plaintiff by a non-physician pursuant to Md. Rule 2–423;

(2) Did the trial court have jurisdiction to order counsel personally to pay for any missed appointments by the Plaintiff under the authority of Rule 2–423's provision that the Court may "regulate the payment of the expense of the examination" when counsel was never a party in the case and had never submitted to the jurisdiction of the Court;

(3) Did the trial court err in ordering counsel personally to pay any "missed appointment fees" caused by the plaintiff's failure to appear for testing without a prior hearing and without any showing that counsel had advised the failure of discovery; and

(4) Did the trial court err in holding counsel in contempt for refusal to pay the doctors' missed appointment fees and the Defendant's attorney's fees when the underlying order to do so was entered without the power to do so, without jurisdiction over counsel, without a hearing as required by the discovery rules, and without any showing that an order compelling discovery had been disobeyed and that counsel had advised the failure of discovery?

We shall respond in the negative to the first question and reverse the judgment of the circuit court. Consequently, we need not consider the remaining questions.

## Facts

The genesis of this appeal is an action filed by appellant on behalf of Laurie Taylor and her minor daughter, Diera Ellis, seeking damages from the Estate of William E. Koons for

injuries suffered by Diera from ingesting lead paint. Despite counsel having agreed to have them tested, opposing counsel obtained an order pursuant to Md. Rule 2–423 compelling Ms. Taylor and Diera to appear for testing.[1] The order also provided "[i]f the Plaintiffs fail to appear for testing and fail to provide the Defendant's attorney with sufficient notice of their inability to appear, resulting in the Defendant incurring costs, such costs shall be paid by the Plaintiffs and/or their attorney." Although we need not consider this issue, we find it interesting that appellant overlooked this provision of the order.

In any event, Ms. Taylor and Diera failed to appear for the scheduled examinations and the defendant sought reimbursement for the costs incurred. On appellant's refusal to reimburse the defendant, appellee filed a motion "To Hold Plaintiff's Attorney [appellant] in Contempt and For Attorney's Fees."

During the hearing, it was appellant's view that his clients could not be compelled by court order to be examined by one Glenwood C. Brooks, Jr., Ph.D., a psychologist. It was the trial court's view, however, that Rule 2–423 authorizes such an examination and the court then held appellant in contempt of court for refusing to reimburse appellee for the costs incurred due to Ms. Taylor and Diera's failure to appear for the scheduled examinations. This appeal followed.

### Discussion

We must here determine the scope of Maryland Rule 2–423, which provides:

When the mental or physical condition or characteristic of a party or of a person in the custody or under the legal control of a party is in controversy, the court may order the party to submit to a mental or physical examination **by a physician** or to produce for examination the person in the custody or under the legal control of the party. The order

---

1. Having agreed to have them tested, appellant did not initially oppose the order.

may be entered only on motion for good cause shown and upon notice to the person to be examined and to all parties. It shall specify the time and place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(Emphasis added.)

According to appellant, Rule 2–423 grants a trial court authority to compel a person to submit to a mental or physical examination only by a physician.[2] As Dr. Brooks is a psychologist, not a physician, appellant believes the trial court lacked authority to compel Ms. Taylor and Diera to submit to an examination by Dr. Brooks. Conversely, although acknowledging that Dr. Brooks is not a physician, appellee believes Rule 2–423 should not be so narrowly construed.[3]

In *Mazor v. State Dep't of Correction*, 279 Md. 355, 369 A.2d 82 (1977), the Court of Appeals said:

[T]he cardinal rule of construction of a statute is to ascertain and carry out the real intention of the Legislature. The primary source from which we glean this intention is the language of the statute itself. And in construing a statute we accord the words their ordinary and natural signification. If reasonably possible, a statute is to be read so that no word, phrase, clause or sentence is rendered

---

**2.** Although appellant initially failed to contest the order, the issue has been preserved for our review. Appellant did so in responding to appellee's contempt motion. Moreover, this issue was vigorously and extensively argued during the contempt hearing.

**3.** At the contempt hearing, presumably relying on *Turner v. Whisted*, 327 Md. 106, 607 A.2d 935 (1992), appellee pointed out that the Court of Appeals has declined so narrowly to interpret Rule 2–423. According to the *Turner* Court, even though not performed by physicians, blood tests may be compelled pursuant to Rule 2–423.

Nonetheless, as appellant properly points out in his brief, the provision for blood tests has a unique legislative history. Rule 2–423's predecessor, Rule 420, contained a provision permitting blood tests. When revising the rules, the Rules Committee added the words "or characteristic" to Rule 2–423, after having initially omitted them. The *Turner* Court interpreted Rule 2–423 as granting a trial court authority to compel blood tests to determine paternity. We do not believe, however, that *Turner* requires Rule 2–423 to be so broadly construed.

surplusage or meaningless. Similarly, wherever possible an interpretation should be given to statutory language which will not lead to absurd consequences. Moreover, if the statute is part of a general statutory scheme or system, the sections must be read together to ascertain the true intention of the Legislature.

279 Md. 355, 360–61, 369 A.2d 82 (internal citations omitted). In applying these principles, we conclude that Rule 2–423 grants a trial court authority only to compel a party to submit to examination by a licensed physician.

"Where the words of the statute are clear and unambiguous, there usually is no need to go further in construing the statute." *Harris v. State*, 331 Md. 137, 145–46, 626 A.2d 946 (1993). We note that Rule 2–423 clearly and unambiguously provides: "the court may order the party to submit to a mental or physical examination by a physician." Moreover, "[t]he canons and rules of construction that guide the interpretation of statutes apply equally when interpreting rules of procedure." *State v. Montgomery*, 334 Md. 20, 637 A.2d 1193 (1994). Consequently, had the Court of Appeals intended that Rule 2–423 be more expansively applied, it would not simply have approved the use of the term "physician."

As Rule 2–423's language is clear and unambiguous, ordinarily our inquiry would end here. Under the circumstances now before us, however, we will consider the history and context of Rule 2–423. When approving the proposed revision of Rule 2–423, the Court of Appeals no doubt considered both its language and its scope. Thus, we reject appellee's assertion that the Rules Committee unintentionally recommended the continued use of the term "physician." [4]

As we have noted, "[t]he canons and rules of construction that guide the interpretation of statutes apply equally when

---

**4.** Interestingly, Rule 2–423 and its predecessors have used only the term "physician." According to the editor's note following Rule 420 **Mental & Physical Examination**.... **General** is the following comment. "In the 1973 version of this chapter, no change was made in this Rule."

interpreting rules of procedure." *Montgomery,* 334 Md. at 24, 637 A.2d 1193. Thus, we presume that in approving Rule 2–423, the Court of Appeals was aware of the language of its predecessors and intended to continue using only the term "physician." See *State v. Bricker,* 321 Md. 86, 581 A.2d 9 (1990) (internal citations omitted).

With this in mind, we now turn to § 1–101(i) of the Health-Occupations Article of the Annotated Code of Maryland, where a physician is defined as, "except in Title 14 of this article, an individual who is authorized by a law of this State to practice medicine in this State." We note that Title 14, which governs the licensing and regulation of physicians, defines a physician as "an individual who practices medicine." [5] We also note that Title 18 of the Health–Occupations Article, which governs the licensing and regulation of psychologists, defines a psychologist as "an individual who practices psychology." In addition, § 18–302(d) requires an applicant for a license to practice psychology to "have a doctoral degree in psychology," while § 14–307(d)(1) requires an applicant for a license to practice medicine to have "a degree of doctor of medicine...."

Accordingly, we believe it clear that the General Assembly intended the terms "physician" and "psychologist" to be distinct. Hence, we believe it defies logic that Rule 2–423's use of the term "physician" includes the term "psychologist." [6]

Therefore, as the language of Rule 2–423 is clear and unambiguous and has a definite and sensible meaning, we

---

**5.** In revising § 14–101 in 1981, the Revisor notes that subsection (h) contains "new language added to provided an express definition of 'physician.' "

Moreover, the Revisor notes "Practice of medicine refers to the professional practice of a physician." 63 Op. Att'y Gen. 183 (1978).

**6.** Indeed, the term "psychologist" has been used as a distinct twin in Art. 31B. Patuxent Institutions § 1(g) defines an evaluation team "as a team of at least three professional employees of the Institution, one of whom shall be ... a psychologist."

Hence, at least in this instance, a psychologist is distinguished from other health professionals.

believe the Court of Appeals intended the continued use of the term "physician" in approving adoption of Rule 2–423. Consequently, we "should not attempt, under the guise of construction, to supply possible omissions or to remedy possible defects." *Town of Somerset v. Montgomery County Board of Appeals*, 245 Md. 52, 71–72, 225 A.2d 294 (1966). Had the Court of Appeals intended that the term "physician" include the term "psychologist," it should have said so. While we agree that the scope of Rule 2–423 should be expanded, it is not in our province to do so.

**JUDGMENT REVERSED. COSTS TO BE PAID BY APPELLEE.**